United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-11302
Summary Calendar

---

TIM B. GILLIAM,

Plaintiff-Appellant,

versus

COUNTY OF TARRANT; CITY OF FORT WORTH TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-639
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tim B. Gilliam, Texas prisoner # 1175788, proceeding pro se, appeals from the dismissal, pursuant to FED. R. CIV. P. 4(m), of his claims against the County of Tarrant ("the County") and the City of Forth Worth, Texas ("the City") for failure to effect service of process within 120 days of filing his complaint. Gilliam argues that the district court erred in dismissing his claims because he served the defendants via certified mail.

Rule 4(m) provides that if service is not made within 120 days of filing the complaint, the action is subject to dismissal without prejudice by the district court after notice to the plaintiff,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unless the plaintiff can show good cause for his failure to complete service. FED. R. CIV. P. 4(m). This court reviews for abuse of discretion a dismissal for failure to effect timely service. Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Our review of the record shows that Gilliam has failed to comply with the service requirements of FED. R. CIV. P. 4(j)(2), which governs service upon foreign, state, or local governments. Gilliam could have satisfied the rule by "delivering" a copy of the summons and complaint to the chief executive officers of the defendants to his action. Rule 4(j)(2). However, the use of certified mail is not sufficient to constitute "delivering" under Rule 4. See Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993).

Gilliam could also have satisfied Rule 4(j)(2) by serving the City and the County "in the manner prescribed by the law of [Texas] for the service of summons or other like process upon any such defendant." Rule 4(j)(2). However, under Texas law, as a party to the action Gilliam was not authorized to serve process. TEX. R. CIV. P. 103. The record provides no indication that any person authorized by Texas law to serve process was involved in Gilliam's purported service via certified mail. See Delta Steamships Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir. 1985) (noting that the plaintiff's use of certified mail did not conform to Texas law because no officer authorized to serve process under Rule 103 was involved).

2

The judgment of the district court is AFFIRMED. Gilliam's motion for the appointment of counsel is DENIED.