# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2882

_____

Elliott Holly,                                         *
                                                       *
                      Appellant,                       *
                                                       *    Appeal from the United States
        v.                                             *    District Court for the
                                                       *    District of Minnesota.
Amy Anderson; Deborah Konieska;                        *
Tony Kaufenberg; Mike Smith;                           *        [PUBLISHED]
Sandi Davis,                                           *
                                                       *
                      Appellees.                       *

_____

Submitted: October 27, 2006
Filed: November 2, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Elliott Holly appeals the district court's order dismissing his 42 U.S.C. § 1983 action prior to service for failure to comply with a court order. We reverse.

While civilly confined in a Minnesota sex-offender treatment program, Holly filed an application to proceed in forma pauperis (IFP) and a complaint against treatment center employees for alleged civil rights violations. A magistrate judge granted Holly IFP status, and ordered the court clerk to issue summons and the United States Marshall to serve a copy of the summons and complaint upon defendants,

noting that all costs of service would be advanced by the United States. Holly thereafter sought to file an amended complaint, which the magistrate judge struck on June 28, 2004, for failure to comply with a local rule. In this June 28 order, the magistrate judge afforded Holly until July 23, 2004, to file another amended complaint (if he wished to do so); ordered Holly to submit one additional copy of his complaint (original or amended) for each defendant he named; and warned Holly that failure to comply could result in dismissal. On July 27, 2004, Holly informed the court that he had been moved from the treatment center to prison and did not have his legal materials with him. About six weeks later, because Holly had not submitted any extra copies of his complaint, the district court dismissed the action without prejudice under Federal Rule of Civil Procedure 41(b).

A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order. See Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1259-60 (8th Cir. 1997); Brown v. Frey, 806 F.2d 801, 803 (8th Cir. 1986). We conclude that the district court abused its discretion in dismissing this action, see Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998) (standard of review), because the record does not show that Holly deliberately failed to comply with the June 28 order to submit extra copies of his complaint. Holly may have effectively responded to the order in his July 27 filing by informing the court that he no longer had his legal materials. Moreover, it is not clear whether Holly even retained a copy of his complaint (or his attempted amended complaint) after he filed it, because after dismissal, he requested from the district court a copy of his complaint so that he could amend it as directed.

Finally, Holly was in state custody and was indigent: the record reflects that he had only $2.87 in his state account at the time he was granted IFP status. Thus it is likely that he did not have the means to make additional copies of his complaint. In these circumstances, we conclude that dismissing Holly's case--even without prejudice--for failure to provide copies of his complaint was unduly harsh and was

contrary to the spirit of the IFP statute under which Holly was proceeding, because the district court should not require a person who has been granted IFP status to prepare copies of the complaint for service.  <u>See</u> 28 U.S.C. § 1915(d) (when plaintiff is proceeding IFP, court officers issue and serve all process and perform all duties).

Accordingly, we reverse, and we remand for further proceedings consistent with this opinion.  We deny all pending motions.

_____