# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-1429

_____

| | | |
|---|---|---|
| Duane Yates, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| John Baldwin; Cornell Smith; John | * | |
| Ault; Kris Weitzell; Larry Brimeyer; | * | [PUBLISHED] |
| Phillip Sprufslage; Deb Edwards; Don | * | |
| Harris; Tom Conley; David Costello; | * | |
| Carol Niewold; M. Doocy; Unknown | * | |
| Wyatt; David Anderson; S. Thornton; | * | |
| Ray Osborn; Jim Hanson; D. Thornton; | * | |
| Chris Raddig, Dr.; Douglas Carver; | * | |
| Tom Delenoit; Troy Hammon; | * | |
| Unknown McBroom; Jeff Dedecker; | * | |
| Charles Harper; David Moeller; Shane | * | |
| Milligan; Dan Ashenbrenner; Dave | * | |
| DeGrange; Deb Ferrell; Mike Gilbert; | * | |
| Matt Thornton; John Hawk; Steve | * | |
| Young; Noli Mendoza, Dr.; Glenn | * | |
| Peck, Dr.; C. Phillips; Nikki Eaves; | * | |
| Frank Curry; Ken Leberoth; Debbie | * | |
| Nichols; Christina Carl; Julie Pihl; Ed | * | |
| O'Brien, Dr.; Richard Barlow; Bob | * | |
| Ensminger; Bill Ells; Jack Bates; | * | |
| Dennis Brumbaugh; William Angrick, | * | |
| II; Angela Dalton; Barbara Van Allen; | * | |
| Jean Schlichtemier; Kristin Hardt; | * | |
| Webster County Clerk of Court; | * | |
| Commission on Judicial Qualifications; | * | |

Mike Conwell; Eddie Mendez, Sgt.;          *
Richie Eaves; Joe Larkin; Unknown          *
Benda; Ron Mower; Lowell Davis;            *
Marty Rung; Uknown Jacobs; Karen           *
Woodley; Richard Larkin; Richard           *
Snow, Dr.,                                 *
                                           *
              Appellees.                   *

                            _____

                    Submitted:  December 30, 2010
                       Filed:  February 14, 2011
                            _____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.
                            _____

PER CURIAM.

Iowa inmate Duane Yates appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action for lack of timely service.  We affirm.

In February 2009, Yates, proceeding pro se, filed a 120-page complaint alleging a litany of constitutional, state-law, and prison-administration violations committed by 69 defendants in unspecified capacities, including officials from the Iowa Department of Corrections (IDOC), the Office of the Citizens Aide Ombudsman, the Office of the Governor, the Commission on Judicial Qualifications, and the District Court of Webster County, Iowa. (R. Doc. 4).  A magistrate judge denied his motion for leave to proceed in forma pauperis (IFP), because the fee had been paid and Yates had not submitted an account statement in accordance with 28 U.S.C. § 1915(a)(2). (R. Docs. 1, 3).

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

In March, Yates sent the clerk of court copies of the summons, requested that the clerk "certify one for service upon the State of Iowa," and asserted "that I am a prisoner and I only need to file this with you and you will be able to get me service by electronically filing this entire action and summons upon the Iowa Attorney." (R. Doc. 6). In May, Yates submitted a "Notice of Service," stating that he had sent the summons, complaint, waiver of summons, and notice of lawsuit and request for waiver to defendant Iowa Governor Chester Culver, by certified mail pursuant to Fed. R. Civ. P. 4(d). He asserted that the return receipt card had been signed and returned to an attorney, and that service had therefore "been accepted by one of the defendants." (R. Doc. 9).

Governor Culver moved to dismiss for failure to state a claim, arguing that Yates's claim against him was based on respondeat superior. As relevant, Culver noted that he was the only defendant properly served. (R. Doc. 12 & Attach.) Yates opposed dismissal. As to the question of service, Yates argued that he was entitled to have the clerk of court serve defendants electronically, as he was an indigent prisoner and this allegedly was "a common and regularly practiced act." He also reasoned that Governor Culver was like an agent designated by a corporation to receive service, and that proper service on the Attorney General was sufficient for all state employees being sued, because the Attorney General would represent them. He also argued that "service has been had," because he had typed his complaint on a prison computer, and it was stored on discs under IDOC's control. (R. Doc. 14).

In an order denying Yates's pending motions for appointment of a specific attorney and for a temporary restraining order (R. Docs. 10-11), the district court noted that only one defendant had been served, and whether Yates "elect[ed] to serve the defendants or to secure waiver of service, [he was] required to provide each of the defendants with a copy of the 120 page complaint." (R. Doc. 18.) On the same day, the court granted Culver's motion to dismiss for the reasons stated in Culver's motion. (R. Doc. 19). On November 16, 2009, the clerk's office sent notice to Yates

that, pursuant to Local Rule 41, his action would be dismissed "unless some action [was] taken" by December 4. (R. Doc. 21). As applicable, Local Rule 41 provides that after giving the parties at least 14 days notice, the clerk of court will enter an order dismissing an action without prejudice where: (1) service has not been made on any defendant within 120 days of filing of the complaint, and the plaintiff has failed to set forth in writing within 127 days of filing the complaint good cause for the lack of service; or (2) a deadline required by the Federal Rules of Civil Procedure, the Local Rules, or a court order has been exceeded by more than 30 days and an extension has not been requested or granted. (R. Doc. 21-1).

On December 3, Yates moved to reconsider the November 16 order, arguing that he made timely service on "one person in the action;" that he did not have enough money to pay for service to all parties, and therefore had sought IFP status; that he was disadvantaged because he did not get to use the electronic filing service; and that an attorney informed him that service on Culver was "more than adequate as the governor over sees all the actions of the employees of the State of Iowa and . . . Iowa is a Corporation of [its] own." (R. Doc. 22.)

The court denied reconsideration and dismissed the action. The court explained that service to Culver did not constitute service as to all other defendants, and rejected Yates's assertion that he was treated differently than other plaintiffs who file civil actions in the district. The court explained that Yates "elected to commence the instant action by paying the applicable filing fee and submitting a complaint." Because Yates "never complied with 28 U.S.C. § 1915, the court never directed the clerk's office to issue and serve all process." And the court added that apart from resisting Culver's motion to dismiss, Yates took no action to prosecute claims against the remaining defendants. (R. Doc. 23). The judgment entered did not specify that dismissal was without prejudice. (R. Doc. 24).

On appeal, Yates argues that the district court abused its discretion by denying him leave to proceed in forma pauperis. We reject this contention, because Yates did not submit a certified copy of an inmate trust fund account statement along with his motion, as required by 28 U.S.C. § 1915(a)(2).

We also disagree with Yates's argument that his mailing of the complaint to Governor Culver constituted service on the remaining defendants, pursuant to Federal Rule of Civil Procedure 4(j)(2). Sending a copy of the complaint and summons to Culver by certified mail (along with a request for waiver of service) is not the equivalent of "delivering" those documents as required by Rule 4(j)(2)(A). *Gilliam v. County of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004). Nor has Yates identified any provision of Iowa law establishing that mailing a summons and complaint to the Governor is effective service of process on the State and other state officers. *See* Fed. R. Civ. P. 4(j)(2)(B).

The dissenting opinion, advancing an argument not raised by Yates on appeal, would hold that the district court abused its discretion by failing to direct a United States marshal to serve the summons and complaint on the remaining defendants. In the district court, Yates argued only that the clerk of court should make electronic service for him. The officers of the court are required to "issue and serve all process" when a plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915(d), but the district court correctly explained that because Yates failed to qualify under § 1915, he was not entitled to have the clerk's office issue and serve all process. Insofar as § 1915(d) sometimes requires the court to appoint a United States marshal to serve process for a plaintiff proceeding in forma pauperis, *see Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3), Yates likewise did not qualify for that entitlement.

Federal Rule of Civil Procedure 4(c)(3) does give the court discretion, "[a]t the plaintiff's request," to order that service be made by a United States marshal, even when a plaintiff does not qualify to proceed in forma pauperis. Yates did not request

service by a marshal, however, and we do not infer from the rejection of Yates's request for electronic service by the clerk of court that the experienced district judge was ignorant of Rule 4(c)(3) and the discretion to order service by a marshal. We see no abuse of discretion in the court's failure to order, <u>sua</u> <u>sponte</u>, that service be made by a United States marshal in this case.

For these reasons, we affirm the judgment of the district court, but we clarify that the dismissal of the complaint against the defendants other than Governor Culver was without prejudice.

BYE, Circuit Judge, dissenting.

I respectfully dissent from the part of the majority opinion that addresses denial of service by a United States marshal. I would find the district court abused its discretion when it denied Yates's request to have a United States marshal serve the defendants on the ground he failed to comply with the requirements of the in forma pauperis statute.

Yates, an apparently indigent prisoner without counsel, commenced the present action against 70 officials, mostly corrections officers at the Iowa Department of Corrections, alleging various violations of his constitutional rights. Although Yates initially filed an application to proceed in forma pauperis showing no assets, he somehow mustered $350 to cover the filing fee.[2] The following day, the court denied Yates's motion for an IFP status – ostensibly on the ground of mootness, but also noting that Yates had not provided a certified copy of the trust fund account statement

_____

[2]It appears the fee was paid by the Patriot Company, in which Yates held some interest years ago. Yates maintains the company has since filed for bankruptcy, and he has not been able to get any other payments from the company to apply toward his case.

as required under the statute.  See 28 U.S.C. § 1915(a)(2).  The court elected not to allow Yates time to file the trust fund account statement.

The next financial roadblock Yates faced in his case was the task of serving 70 named defendants with a copy of his 120-page complaint.  The estimated price tag of this exercise exceeded $3,000.  And because Yates was not authorized to proceed in forma pauperis, he was not automatically entitled to have the defendants served by a United States marshal.  See 28 U.S.C. § 1915(d); Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997).

Due to financial constraints, Yates accomplished service on only one defendant: Iowa Governor Chester Culver.  For the same reason, Yates could not file an amended complaint, which would have required filing, and paying for copying, another lengthy document.  Yates attempted to obtain copies of the complaint from the court, but the court – rightfully – refused to assist.  Once again, had Yates secured an IFP status, the cost of copying the complaint to serve other defendants would have been borne by the court.  Holly v. Anderson, 467 F.3d 1120, 1121-22 (8th Cir. 2006).

On November 12, 2009, the district court dismissed Yates's case against the only served defendant on the merits and erroneously entered a judgment with respect to the remaining 69 defendants.  After realizing the case was "prematurely closed," the court withdrew the judgment and gave Yates 18 days to accomplish service.  In response, Yates argued in essence that he had no money.  He complained expenses deterred him from prosecuting his action and asked the court to accept service in some other way: electronically or by counting service on Iowa Governor as valid against other defendants.

The court denied Yates's request.  The following passage from the court's order demonstrates the entirety of the court's reasoning on the subject:

In this motion, the plaintiff takes issue with the fact that it will cost him a lot of money to properly serve the defendants. The decision as to how many defendants should be sued and the decision as to how to pay for the service of the named defendants rests with the plaintiff, not the court. In addition, the plaintiff misstates and misunderstands how service is properly effectuated. *See* Fed. R. Civ. P. 4. The plaintiff's proper service as to Culver does not constitute service as to all of the other defendants. And, contrary to the plaintiff's assertions, the court is not treating the plaintiff in a manner that differs from other plaintiffs who file civil actions in the Northern District of Iowa. The plaintiff elected to commence the instant action by paying the applicable filing fee and submitting a complaint. *Because the plaintiff never complied with 28 U.S.C. § 1915, the court never directed the clerk's office to issue and serve all process.* Moreover, . . . the plaintiff took no action against any of the defendants named in the instant action, that is, he failed to prosecute any of the claims against the remaining defendants. Accordingly, the motion to reconsider the notice of dismissal . . . is denied.

District Court Order, Jan. 22, 2010, at 2 (emphasis added).

I believe the district court brushed aside the plaintiff's motion much too readily. Under Rule 4 of the Federal Rules of Civil Procedure, "[a]t plaintiff's request, the court *may* order that service be made by a United States marshal . . . . The court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . . ." Fed. R. Civ. P. 4(c)(3) (emphases added). As is clear from the language of the Rule, the court had discretion to order service by a United States marshal even though Yates was not proceeding in forma pauperis. See Advisory Committee Notes to Fed. R. Civ. P. 4, 1993 Amendments ("The court remains obligated to appoint a marshal . . . to effect service of a summons in two classes of cases specified by statute: actions brought in forma pauperis or by a seaman. 28 U.S.C. §§ 1915, 1916. The court also retains discretion to appoint a process server on motion of a party."). A district court abuses its discretion when it denies a motion for service by a United States marshal simply because the litigant

-8-

paid the filing fee.  See Koger v. Bryan, 523 F.3d 789, 803 (7th Cir. 2008) (finding abuse of discretion where the trial court denied the plaintiff's motion for service by a marshal on the basis of its "mistaken belief that service by a marshal was unavailable to a party who paid the filing fee").

The court's order quoted above evinces the lack of understanding on the court's part as to the application of Rule 4(c)(3) to a situation where a litigant is not proceeding in forma pauperis.  In response to Yates's request for relief from the service costs, the court simply applied the requirements of the statute for proceeding in forma pauperis.  But compliance with the 28 U.S.C. § 1915 strictures is not required to approve Yates's request for a service by a marshal, Koger, 523 F.3d at 803, and in any event, there exists a substantial likelihood Yates could have complied with the statute, had he been advised of what was required of him.[3]  Since the district court automatically abuses its discretion when it labors under an improper legal standard, United States v. Bailey, 571 F.3d 791, 804 (8th Cir. 2009), I would reverse dismissal of Yates's complaint against the remaining 69 defendants.

The majority suggests Yates did not make a "request" for service within the meaning of Rule 4(c)(3).  I disagree.  Although Yates's motion is somewhat meandering as to the relief requested, its import was unmistakably clear – Yates could not afford service on his own and wanted to be relieved of this burden.  The same idea permeated Yates's Resistance to Defendant's Motion to Dismiss, where he argued he was treated differently from other inmates who, after receiving in forma pauperis status, did not have to worry about service.  See Resistance to Defendant's Motion, July 16, 2009, at 7.  If the district court construed Yates's pro se filings

---

[3]The statement filed by Yates on March 1, 2010, showed the six-month average balance in his trust fund account was $57.40.

liberally, as was its duty to do, see Johnson v. Arden, 614 F.3d 785, 798-99 (8th Cir. 2010), it would have considered all relief available to Yates by virtue of Rule 4(c)(3).

Instead, the court's order was marked by a dismissive tenor. Not only was the court unwilling to consider Yates's request in earnest, but it went so far as to certify his appeal as not taken in good faith because his "actions, or lack thereof, prevented him from pursuing all of his claims." District Court Order, Mar. 1, 2010. This ruling ensured that, even though this time Yates supported his request for a pauper status with all the requisite documentation, he could not obtain such status on appeal. See 28 U.S.C. § 1915(a)(3). Throwing good money after bad, Yates has now paid the entire $455 filing fee to proceed with his appeal.

This outcome seems troubling. I believe that, liberally construed, Yates's filings presented the issue of service by a U.S. marshal for the district court's consideration. Having relied on the wrong legal standard to deny the plaintiff's request, I would find the district court abused its discretion.

_____