PER CURIAM.
Iowa inmate Duane Yates appeals the district court’s[1] dismissal of his 42 U.S.C. § 1983 action for lack of timely service. We affirm.
In February 2009, Yates, proceeding pro se, filed a 120-page complaint alleging a litany of constitutional, state-law, and prison-administration violations committed by 69 defendants in unspecified capacities, including officials from the Iowa Department of Corrections (IDOC), the Office of the Citizens Aide Ombudsman, the Office of the Governor, the Commission on Judicial Qualifications, and the District Court of Webster County, Iowa. (R. Doc. 4). A magistrate judge denied his motion for leave to proceed in forma pauperis (IFP), *671 because the fee had been paid and Yates had not submitted an account statement in accordance with 28 U.S.C. § 1915(a)(2). (R. Docs.1, 3).
In March, Yates sent the clerk of court copies of the summons, requested that the clerk “certify one for service upon the State of Iowa,” and asserted “that I am a prisoner and I only need to file this with you and you will be able to get me service by electronically filing this entire action and summons upon the Iowa Attorney.” (R. Doc. 6). In May, Yates submitted a “Notice of Service,” stating that he had sent the summons, complaint, waiver of summons, and notice of lawsuit and request for waiver to defendant Iowa Governor Chester Culver, by certified mail pursuant to Fed.R.Civ.P. 4(d). He asserted that the return receipt card had been signed and returned to an attorney, and that service had therefore “been accepted by one of the defendants.” (R. Doc. 9).
Governor Culver moved to dismiss for failure to state a claim, arguing that Yates’s claim against him was based on respondeat superior. As relevant, Culver noted that he was the only defendant properly served. (R. Doc. 12 & Attach.) Yates opposed dismissal. As to the question of service, Yates argued that he was entitled to have the clerk of court serve defendants electronically, as he was an indigent prisoner and this allegedly was “a common and regularly practiced act.” He also reasoned that Governor Culver was like an agent designated by a corporation to receive service, and that proper service on the Attorney General was sufficient for all state employees being sued, because the Attorney General would represent them. He also argued that “service has been had,” because he had typed his complaint on a prison computer, and it was stored on discs under IDOC’s control. (R. Doc. 14).
In an order denying Yates’s pending motions for appointment of a specific attorney and for a temporary restraining order (R. Docs.10-11), the district court noted that only one defendant had been served, and whether Yates “elect[ed] to serve the defendants or to secure waiver of service, [he was] required to provide each of the defendants with a copy of the 120 page complaint.” (R. Doc. 18.) On the same day, the court granted Culver’s motion to dismiss for the reasons stated in Culver’s motion. (R. Doc. 19). On November 16, 2009, the clerk’s office sent notice to Yates that, pursuant to Local Rule 41, his action would be dismissed “unless some action [was] taken” by December 4. (R. Doc. 21). As applicable, Local Rule 41 provides that after giving the parties at least 14 days notice, the clerk of court will enter an order dismissing an action without prejudice where: (1) service has not been made on any defendant within 120 days of filing of the complaint, and the plaintiff has failed to set forth in writing within 127 days of filing the complaint good cause for the lack of service; or (2) a deadline required by the Federal Rules of Civil Procedure, the Local Rules, or a court order has been exceeded by more than 30 days and an extension has not been requested or granted. (R. Doc. 21-1).
On December 3, Yates moved to reconsider the November 16 order, arguing that he made timely service on “one person in the action;” that he did not have enough money to pay for service to all parties, and therefore had sought IFP status; that he was disadvantaged because he did not get to use the electronic filing service; and that an attorney informed him that service on Culver was “more than adequate as the governor over sees all the actions of the employees of the State of Iowa and ... Iowa is a Corporation of [its] own.” (R. Doc. 22.)
*672 The court denied reconsideration and dismissed the action. The court explained that service to Culver did not constitute service as to all other defendants, and rejected Yates’s assertion that he was treated differently than other plaintiffs who file civil actions in the district. The court explained that Yates “elected to commence the instant action by paying the applicable filing fee and submitting a complaint.” Because Yates “never complied with 28 U.S.C. § 1915, the court never directed the clerk’s office to issue and serve all process.” And the court added that apart from resisting Culver’s motion to dismiss, Yates took no action to prosecute claims against the remaining defendants. (R. Doc. 23). The judgment entered did not specify that dismissal was without prejudice. (R. Doc. 24).
On appeal, Yates argues that the district court abused its discretion by denying him leave to proceed in forma pauperis. We reject this contention, because Yates did not submit a certified copy of an inmate trust fund account statement along with his motion, as required by 28 U.S.C. § 1915(a)(2).
We also disagree with Yates’s argument that his mailing of the complaint to Governor Culver constituted service on the remaining defendants, pursuant to Federal Rule of Civil Procedure 4(j)(2). Sending a copy of the complaint and summons to Culver by certified mail (along with a request for waiver of service) is not the equivalent of “delivering” those documents as required by Rule 4(j)(2)(A). Gilliam v. County of Tarrant, 94 Fed.Appx. 230, 230 (5th Cir.2004). Nor has Yates identified any provision of Iowa law establishing that mailing a summons and complaint to the Governor is effective service of process on the State and other state officers. See Fed.R.Civ.P. 4(j)(2)(B).
The dissenting opinion, advancing an argument not raised by Yates on appeal, would hold that the district court abused its discretion by failing to direct a United States marshal to serve the summons and complaint on the remaining defendants. In the district court, Yates argued only that the clerk of court should make electronic service for him. The officers of the court are required to “issue and serve all process” when a plaintiff proceeds in for-ma pauperis, 28 U.S.C. § 1915(d), but the district court correctly explained that because Yates failed to qualify under § 1915, he was not entitled to have the clerk’s office issue and serve all process. Insofar as § 1915(d) sometimes requires the court to appoint a United States marshal to serve process for a plaintiff proceeding in forma pauperis, see Byrd v. Stone, 94 F.3d 217, 219 (6th Cir.1996); Fed.R.Civ.P. 4(c)(3), Yates likewise did not qualify for that entitlement.
Federal Rule of Civil Procedure 4(c)(3) does give the court discretion, “[a]t the plaintiffs request,” to order that service be made by a United States marshal, even when a plaintiff does not qualify to proceed in forma pauperis. Yates did not request service by a marshal, however, and we do not infer from the rejection of Yates’s request for electronic service by the clerk of court that the experienced district judge was ignorant of Rule 4(c)(3) and the discretion to order service by a marshal. We see no abuse of discretion in the court’s failure to order, sua sponte, that service be made by a United States marshal in this case.
For these reasons, we affirm the judgment of the district court, but we clarify that the dismissal of the complaint against the defendants other than Governor Culver was without prejudice.

, The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.