*673 BYE, Circuit Judge,
dissenting.
I respectfully dissent from the part of the majority opinion that addresses denial of service by a United States marshal. I would find the district court abused its discretion when it denied Yates’s request to have a United States marshal serve the defendants on the ground he failed to comply with the requirements of the in forma pauperis statute.
Yates, an apparently indigent prisoner without counsel, commenced the present action against 70 officials, mostly corrections officers at the Iowa Department of Corrections, alleging various violations of his constitutional rights. Although Yates initially filed an application to proceed in forma pauperis showing no assets, he somehow mustered $350 to cover the filing fee.[2] The following day, the court denied Yates’s motion for an IFP status- — ostensibly on the ground of mootness, but also noting that Yates had not provided a certified copy of the trust fund account statement as required under the statute. See 28 U.S.C. § 1915(a)(2). The court elected not to allow Yates time to file the trust fund account statement.
The next financial roadblock Yates faced in his case was the task of serving 70 named defendants with a copy of his 120-page complaint. The estimated price tag of this exercise exceeded $3,000. And because Yates was not authorized to proceed in forma pauperis, he was not automatically entitled to have the defendants served by a United States marshal. See 28 U.S.C. § 1915(d); Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir.1997).
Due to financial constraints, Yates accomplished service on only one defendant: Iowa Governor Chester Culver. For the same reason, Yates could not file an amended complaint, which would have required filing, and paying for copying, another lengthy document. Yates attempted to obtain copies of the complaint from the court, but the court — rightfully—refused to assist. Once again, had Yates secured an IFP status, the cost of copying the complaint to serve other defendants would have been borne by the court. Holly v. Anderson, 467 F.3d 1120, 1121-22 (8th Cir.2006).
On November 12, 2009, the district court dismissed Yates’s case against the only served defendant on the merits and erroneously entered a judgment with respect to the remaining 69 defendants. After realizing the case was “prematurely closed,” the court withdrew the judgment and gave Yates 18 days to accomplish service. In response, Yates argued in essence that he had no money. He complained expenses deterred him from prosecuting his action and asked the court to accept service in some other way: electronically or by counting service on Iowa Governor as valid against other defendants.
The court denied Yates’s request. The following passage from the court’s order demonstrates the entirety of the court’s reasoning on the subject:
In this motion, the plaintiff takes issue with the fact that it will cost him a lot of money to properly serve the defendants. The decision as to how many defendants should be sued and the decision as to how to pay for the service of the named defendants rests with the plaintiff, not the court. In addition, the plaintiff misstates and misunderstands how service is properly effectuated. See Fed.R.Civ.P. 4. The plaintiffs proper service *674 as to Culver does not constitute service as to all of the other defendants. And, contrary to the plaintiffs assertions, the court is not treating the plaintiff in a manner that differs from other plaintiffs who file civil actions in the Northern District of Iowa. The plaintiff elected to commence the instant action by paying the applicable filing fee and submitting a complaint. Because the plaintiff never complied with 28 U.S.C. § 1915, the court never directed the clerk’s office to issue and serve all process. Moreover, ... the plaintiff took no action against any of the defendants named in the instant action, that is, he failed to prosecute any of the claims against the remaining defendants. Accordingly, the motion to reconsider the notice of dismissal ... is denied.
District Court Order, Jan. 22, 2010, at 2 (emphasis added).
I believe the district court brushed aside the plaintiffs motion much too readily. Under Rule 4 of the Federal Rules of Civil Procedure, “[a]t plaintiffs request, the court may order that service be made by a United States marshal.... The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915....” Fed.R.Civ.P. 4(c)(3) (emphases added). As is clear from the language of the Rule, the court had discretion to order service by a United States marshal even though Yates was not proceeding in forma pauperis. See Advisory Committee Notes to Fed.R.Civ.P. 4, 1993 Amendments (“The court remains obligated to appoint a marshal ... to effect service of a summons in two classes of cases specified by statute: actions brought in forma pauperis or by a seaman. 28 U.S.C. §§ 1915, 1916. The court also retains discretion to appoint a process server on motion of a party.”). A district court abuses its discretion when it denies a motion for service by a United States marshal simply because the litigant paid the filing fee. See Koger v. Bryan, 523 F.3d 789, 803 (7th Cir.2008) (finding abuse of discretion where the trial court denied the plaintiffs motion for service by a marshal on the basis of its “mistaken belief that service by a marshal was unavailable to a party who paid the filing fee”).
The court’s order quoted above evinces the lack of understanding on the court’s part as to the application of Rule 4(c)(3) to a situation where a litigant is not proceeding in forma pauperis. In response to Yates’s request for relief from the service costs, the court simply applied the requirements of the statute for proceeding in forma pauperis. But compliance with the 28 U.S.C. § 1915 strictures is not required to approve Yates’s request for a service by a marshal, Koger, 523 F.3d at 803, and in any event, there exists a substantial likelihood Yates could have complied with the statute, had he been advised of what was required of him.[3] Since the district court automatically abuses its discretion when it labors under an improper legal standard, United States v. Bailey, 571 F.3d 791, 804 (8th Cir.2009), I would reverse dismissal of Yates’s complaint against the remaining 69 defendants.
The majority suggests Yates did not make a “request” for service within the meaning of Rule 4(c)(3). I disagree. Although Yates’s motion is somewhat meandering as to the relief requested, its import was unmistakably clear — Yates could not afford service on his own and wanted to be relieved of this burden. The same idea permeated Yates’s Resistance to Defen *675 dant’s Motion to Dismiss, where he argued he was treated differently from other inmates who, after receiving in forma pauperis status, did not have to worry about service. See Resistance to Defendant’s Motion, July 16, 2009, at 7. If the district court construed Yates’s pro se filings liberally, as was its duty to do, see Johnson v. Arden, 614 F.3d 785, 798-99 (8th Cir.2010), it would have considered all relief available to Yates by virtue of Rule 4(c)(3).
Instead, the court’s order was marked by a dismissive tenor. Not only was the court unwilling to consider Yates’s request in earnest, but it went so far as to certify his appeal as not taken in good faith because his “actions, or lack thereof, prevented him from pursuing all of his claims.” District Court Order, Mar. 1, 2010. This ruling ensured that, even though this time Yates supported his request for a pauper status with all the requisite documentation, he could not obtain such status on appeal. See 28 U.S.C. § 1915(a)(3). Throwing good money after bad, Yates has now paid the entire $455 filing fee to proceed with his appeal.
This outcome seems troubling. I believe that, liberally construed, Yates’s filings presented the issue of service by a U.S. marshal for the district court’s consideration. Having relied on the wrong legal standard to deny the plaintiffs request, I would find the district court abused its discretion.

. It appears the fee was paid by the Patriot Company, in which Yates held some interest years ago. Yates maintains the company has since filed for bankruptcy, and he has not been able to get any other payments from the company to apply toward his case.

. The statement filed by Yates on March 1, 2010, showed the six-month average balance in his trust fund account was $57.40.