NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011[*]
Decided May 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-2029

| | |
|---|---|
| KEDRON JONES, JR., <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 313 |
| WEXFORD HEALTH SOURCES, INC., et al., <br> *Defendants-Appellees*. | Samuel Der-Yeghiayan <br> *Judge*. |

**O R D E R**

Kedron Jones, an Illinois inmate, appeals the dismissal of his suit under 42 U.S.C. § 1983 on grounds that he failed to pay the filing fee or file a proper application to proceed in forma pauperis. We reverse.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In January 2010 Jones filed—along with his complaint alleging deliberate indifference on the part of Stateville Correctional Center's medical personnel, administrators, and health service providers—an application to proceed in forma pauperis. The district court noted discrepancies in Jones's financial disclosures and denied his application. The court noted, for instance, Jones's certification in his application that he had not received more than $200 in gifts over the previous 12 months, yet information from his prison trust account showed that he received deposits exceeding $400 during the preceding six months. Jones moved for reconsideration, arguing that he had made an "honest" mistake: he had misunderstood a question on the application about income over the past year as referring to income from his family's household, not the funds in his inmate trust account. The court denied the motion, but gave Jones until February 25 to either pay the filing fee or file "an accurately and properly completed" application to proceed in forma pauperis. The court received nothing from Jones by its deadline, and so it dismissed his complaint on February 26.

On March 2, however, the district court received a second IFP application (dated February 25) from Jones that was accompanied by prison certification confirming that he had a total of 45 cents in his account and that his average monthly deposit was $79.22. This application was promptly followed by another motion for reconsideration, in which Jones explained that he was prevented from meeting the court's February 25 deadline by his incarceration and delays with the prison's mail system. The court denied Jones's motion. Even accepting Jones's second IFP application as timely, the court said, it had to dismiss the action because "Jones failed to explain . . . how he could have inadvertently failed to account for over $400 in income that he now acknowledges he received."

On appeal, Jones argues that the district court abused its discretion by dismissing his complaint after he followed its directive to file an accurately and properly completed IFP application. He points out that the court never asked him to justify his omission of the $400; it directed him only to file a new application. Jones reiterates that his error was unintentional, and that the absence of any bad faith ought to avoid the harsh sanction of dismissal of the complaint.

The district court's dismissal of the complaint was error. Jones filed as directed an amended and completed application, only to have the court reject it with the same explanation it gave upon denying his first application. A court may dismiss a complaint if a plaintiff's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), but the court here did not point to anything untruthful about Jones's submission, or explain the significance of his acknowledged receipt of the additional $400. The court's outright dismissal of Jones's properly filed application appears arbitrary. *See Holly v. Anderson*, 467 F.3d 1120, 1121-22 (8th Cir. 2006) (reversing dismissal of complaint for failure to comply with a court order

where indigent plaintiff's disregard of the court's instructions was not deliberate); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (vacating dismissal of complaint where court failed to explain why it denied plaintiff's IFP application).

Because the district court's order reflects an abuse of discretion, we REVERSE the dismissal of Jones's complaint and REMAND the case to the district court for further proceedings.