# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3464

_____

Dexter D. Anderson,

        Appellant,

    v.

United States of America; Warden
B. R. Jett; S. Young, Associate
Warden; C. Nickrenz, Associate
Warden; Dr. M. Nelson, Clinical
Director; L. Krieg, Doctor; J. Schultz,
CDR-Rehab Services; J. Feda,
DPT-OCS-Rehab Services; and Federal
Medical Center,

        Appellees.

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: February 22, 2012
Filed: March 28, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal inmate Derek Anderson appeals the district court's preservice dismissal of his combined Federal Tort Claims Act (FTCA) and civil rights complaint. We reverse and remand for further proceedings.

After Anderson filed his complaint, the magistrate judge issued an order on June 15 directing Anderson to submit, within 30 days, a completed federal marshal service form (USM-285) for each defendant. The magistrate judge warned that failure to do so would result in dismissal of the complaint for failure to prosecute. On July 28, the magistrate judge recommended dismissing the complaint under Fed. R. Civ. P 41(b), because Anderson had failed to submit the USM-285 forms. The district court adopted the magistrate judge's report over Anderson's timely objections, and dismissed the complaint without prejudice for failure to comply with a court order and for failure to prosecute.

We conclude that the district court abused its discretion in dismissing the complaint. See Smith v. Gold Dust Casino, 526 F.3d 402, 404-05 (8th Cir. 2008) (standard of review; court uses balancing test that focuses on degree of egregious conduct prompting dismissal, and to lesser extent on adverse impact of conduct on defendant and administration of justice; sanction must be proportionate to litigant's transgression). Anderson requested a docket sheet in mid-July to check the status of the case, and in a letter dated July 28, he notified the court that he had mailed the service forms in June. The docket shows that the July 28 letter was received by the district court before it adopted the magistrate judge's report; and the court also had before it Anderson's objections to the report, in which he asserted that he had mailed the forms on June 20, indicated that he might have erred by abbreviating the case number, and sought more time to locate the forms or to resubmit them. We cannot say, based on this record, that Anderson intentionally disobeyed the June 15 court order. See Holly v. Anderson, 467 F.3d 1120, 1121 (8th Cir. 2006) (per curiam) (finding district court abused discretion by dismissing case without prejudice where record did not show plaintiff deliberately failed to comply with court order).

We also find no evidence that defendants will be adversely affected by the delay in service resulting from these events, or that the administration of justice would be adversely affected. Although generally a without-prejudice dismissal mitigates against

finding an abuse of discretion, see Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 988-89 (8th Cir. 2005) (per curiam), Anderson may now be time-barred from refiling his FTCA claim.  In these circumstances, the balance favors reversal and remand.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____