**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6006

COREY COLES,

Plaintiff - Appellant,

v.

RALPH NORTHCUTT ET AL., AND SPOUSE, Supervisor/Teacher;
HAROLD CLARKE AND SPOUSE, Director of Virginia Department of
Corrections; G. ROBINSON AND SPOUSE, Manager Ombudsman
Service Unit; LOUIS B. CEI, PH. D. AND SPOUSE, Special
Programs Manager; MS. C. BOONE AND SPOUSE, Institutional
Ombudsman at Sussex II State Prison; A. WOODS AND SPOUSE,
Eastern Regional Ombudsman; MASSENBURG AND SPOUSE,
Institutional Ombudsman at Sussex II State Prison; J. TAYLOR
AND SPOUSE, O.S.S. - Complaint Officer; MS. MURPHY AND
SPOUSE, Head Counselor/Treatment (T.P.S.)/Head Case Manager;
MR. MOORE AND SPOUSE, Institutional Chaplain; LISA HICKS-
THOMAS AND SPOUSE, Secretary of Administration of Virginia;
CITY/COUNTY OF WAVERLY, Governing Party/Jurisdiction;
UNITED STATES OF AMERICA, Governing Party/Jurisdiction;
VIRGINIA DEPARTMENT OF CORRECTIONS, Governing Body of
Laws/Jurisdiction; STATE OF VIRGINIA, Governing
Party/Jurisdiction; GENE JOHNSON AND SPOUSE, Director of
Virginia Department of Corrections; LARRY TAYLOR AND SPOUSE;
A. DAVID ROBINSON AND SPOUSE, Eastern Regional Director;
DAVID B. EVERETT AND SPOUSE, Warden of Sussex II State
Prison/Regional Operations Chief; THOMAS QUIGLEY AND SPOUSE,
Assistant Chief Special Investigations Unit; CHRISTOPHER S.
COLVILLE ED. D. AND SPOUSE, Assistant Superintendent of
Adult Operations Department of Correctional Education; JOHN
JABE AND SPOUSE, Deputy Director of the Virginia Department
of Corrections; JANET POLAREK AND SPOUSE, Secretary for the
Commonwealth of Virginia; ROBERT MCDONNELL AND SPOUSE,
Governor of Virginia; WENDY S. HOBBS AND SPOUSE,
S.S.G./Regional Administrator/Ombudsman Service Unit; BRYAN
PHILLIPS AND SPOUSE, Principal at Sussex II State Prison
D.C.E.; R. WOODSON AND SPOUSE, Regional Ombudsman, Eastern
Region; WALLACE BRITTLE, JR. AND SPOUSE, Institutional

Attorney; ROBIN HALBERT AND SPOUSE, Clinical Director of the Virginia Department of Corrections; MARIA VARGO AND SPOUSE, Warden/Assistant warden; PUGH AND SPOUSE, Unit Manager; J. EVERETT AND SPOUSE, Administrative Assistant; R. WILLIAMS AND SPOUSE, Unit manager of Unit 10 (Segregation, Special Housing Unit, Etc.); K. WHITEHEAD AND SPOUSE, Regional Administrator; V. M. WASHINGTON AND SPOUSE, Warden/Superintendent; K. TURNER AND SPOUSE, Property Officer/Correctional Officer; JACOBS AND SPOUSE, Unit Manager; HONORABLE STEPHEN D. BLOOM AND SPOUSE, Judge; TAMMY SHEFFIELD AND SPOUSE, Deputy Clerk, Sussex Combined Court; VIRGINIA DEPARTMENT OF CORRECTIONAL EDUCATION, Governing body over the Virginia Department of Correctional Education; YOUNG, Officer/Sergeant/Investigator,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:12-cv-00630-RGD-LRL)

---

Submitted: May 27, 2014                    Decided: June 3, 2014

---

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Corey Coles, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Coles, a Virginia state prisoner, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 (2006) action for failing to comply with the district court's order that he provide sufficient copies of his complaint for service on the numerous defendants. Coles also challenges the denial of his motions to appoint counsel. We vacate in part, dismiss in part, and remand for further proceedings.

Under Fed. R. Civ. P. 41(b), a district court may dismiss a complaint if a plaintiff fails to comply with a court order, and such dismissals are reviewed for an abuse of discretion. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (setting forth factors courts entertaining dismissal should consider); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Although generally, a district court does not abuse its discretion in dismissing an action when a party fails to comply with a reasonable court order after being warned of the consequences of neglecting the court's direction, see id. at 95-96, we conclude that the district court acted too quickly. See id. at 95 (noting that "propriety of a dismissal . . . depends on the particular circumstances of the case").

First, a prisoner proceeding pro se and in forma pauperis, like Coles, is entitled to rely on the U.S. Marshals Service to prepare and effect service of process on his behalf.

3

See Fed. R. Civ. P. 4; Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013). This includes providing copies of the complaint. See Holly v. Anderson, 467 F.3d 1120, 1122 (8th Cir. 2006). Additionally, Coles requested that the district court serve the Defendants, and he still had considerable time to perfect service when the district court entered its dismissal order. See Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010). Accordingly, the dismissal cut substantially short Coles' 120-day period to serve process, either on his own or with the district court's and U.S. Marshals Service's assistance. Fed. R. Civ. P. 4(m); see Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

Accordingly, we conclude that the district court failed to afford Coles sufficient assistance and time to serve his complaint. Therefore, we vacate the order of dismissal and remand for proceedings consistent with this opinion. We dismiss as moot the portion of Coles' appeal challenging the denial of his motions to appoint counsel, and we deny Coles' motions in this court requesting the appointment of counsel and transcripts at Government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART,
AND REMANDED