[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10089
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-03817-AT


DAVID THORPE,

Plaintiff-Appellant,

versus

DEXTER DUMAS,
an individual,
GEORGE JENKINS,
an individual,
LAUREN BOONE,
an individual,
JEFFREY S. CONNELLY,
an individual,
FANI WILLIS,
an individual, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 17, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and GRANT, Circuit
Judges.

PER CURIAM:

David Thorpe, a pro se litigant, was indicted in Georgia state court for armed robbery, aggravated assault, and battery. More than two years after the indictment the State dropped all charges against him. Thorpe filed a 42 U.S.C. § 1983 action against a law enforcement officer, four prosecutors, and a judge, all of whom were involved in his prosecution. He alleged they violated his Fourth, Eighth, and Fourteenth Amendment rights. He also brought state law claims for malicious prosecution, intentional infliction of emotional distress, and false imprisonment. The district court dismissed all of Thorpe's claims on procedural grounds.

I.

Officer Dexter Dumas arrested Thorpe in August 2014. Thorpe was later released on bond under the condition that he wear an ankle monitor. Eight months after he was released Thorpe asked Judge Glanville, who was presiding over his criminal case, to modify his bond and order the removal of his ankle monitor. Judge Glanville denied those requests. In March 2016 Thorpe again requested a

2

bond modification.  This time Judge Glanville approved the removal of Thorpe's ankle monitor.  By then Thorpe had worn the ankle monitor for 586 days.  The prosecution dropped the charges against him in October 2016.

Thorpe filed claims against: Officer Dumas; George Jenkins, Lauren Boone, and Jeffrey Connelly, the prosecutors who worked on his case; Deputy District Attorney Fani Willis, the attorney who supervised the prosecutors; and Judge Glanville.  Thorpe attempted to serve the defendants through certified mail. Jenkins, Boone, and Connelly moved to dismiss Thorpe's complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  Officer Dumas filed a separate Rule 12(b)(5) motion.  Willis and Judge Glanville moved to dismiss the complaint under Rule 12(b)(6) based on prosecutorial and judicial immunity.  The district court granted all three motions and dismissed Thorpe's claims.  Thorpe filed a motion for reconsideration, which the court denied.  This is Thorpe's appeal.  He contends that service was proper, immunity does not apply, and the district court wrongly denied his motion for reconsideration.  We address each contention in turn.

## II.

Thorpe first challenges the dismissal for insufficient service of process of his claims against Dumas and three prosecutors (Jenkins, Boone, and Connelly).  In an appeal from a district court's judgment granting a Rule 12(b)(5) motion to dismiss

for insufficient service of process, we review <u>de novo</u> questions of law. <u>Prewitt</u>

<u>Enters., Inc. v. Org. of Petroleum Exporting Countries</u>, 353 F.3d 916, 920 (11th

Cir. 2003). Any findings of fact are reviewed only for clear error. <u>Id.</u>

A plaintiff must properly serve process for the court to have personal

jurisdiction over the defendant. <u>Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.,</u>

<u>Ltd.</u>, 484 U.S. 97, 104 (1987). Rule 4(e) allows service of process by:

> (1) following state law for serving a summons in an action brought in courts
> of general jurisdiction in the state where the district court is located or where
> service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the
>> individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place
>> of abode with someone of suitable age and discretion who resides
>> there; or
>> (C) delivering a copy of each to an agent authorized by appointment
>> or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)–(2). Georgia allows service of process under the same

circumstances. <u>See</u> Ga. Code Ann. § 9-11-4.

Thorpe contends that the district court erred in two ways. First, he argues

that he properly served Dumas, Jenkins, Boone, and Connelly. Second, he argues

that those defendants waived proper service of process by not addressing personal

jurisdiction in their first answer to his second amended complaint.

Thorpe attempted to serve Dumas, Jenkins, Boone, and Connelly through

certified mail. The parties disagree whether he sent the certified mail to only the

4

defendants themselves or whether he also sent copies to the defendants' authorized agents. The distinction makes no difference. Rule 4 does not authorize service of process through the mail. Nor does Georgia law.

Rule 4 allows service of process either by "delivering a copy of the summons and of the complaint to the individual personally" or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). While we have not addressed in a published opinion whether "delivery" under Rule 4 can be accomplished through certified mail, other circuits have. Service by certified mail generally does not constitute "delivery" under subsections of Rule 4. See, e.g., Yates v. Baldwin, 633 F.3d 669, 672 (8th Cir. 2011) (holding that mail does not satisfy delivery under Rule 4(j)); Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993) (holding that certified mail does not satisfy "delivery" under Rule 4(e)); Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 882 (3d Cir. 1987) (holding mailing alone does not satisfy "delivery" under Rule 4(j)). Georgia state law also requires in-person service. Camp v. Coweta County, 625 S.E.2d 759, 761 n.4 (Ga. 2006). So certified mail, even to an authorized agent, does not satisfy Rule 4's service requirements.

And contrary to Thorpe's contentions, neither Dumas, nor Jenkins, nor Boone, nor Connelly waived service of process. See Pardazi v. Cullman Med. Ctr.,

896 F.2d 1313, 1317 (11th Cir. 1990) (holding that objections to service of process can be waived if not addressed in the first responsive motion to the complaint). In their original motions to dismiss and their motions to dismiss the first amended complaint — the defendants' first response to each of Thorpe's complaints — all four of them argued that process was insufficient.[1] Because Thorpe did not properly serve Dumas, Jenkins, Boone, or Connelly, we affirm the dismissal of Thorpe's claims against them.

## III.

Thorpe next challenges the district court's finding that Deputy District Attorney Willis and Judge Glanville were immune from suit. We review de novo questions of absolute immunity. Stevens v. Osuna, 877 F.3d 1293, 1301 (11th Cir. 2017). We must accept as true the allegations of the complaint and any reasonable inference we can draw from them. Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999).

Thorpe sued Willis and Judge Glanville in their individual and official capacities. We address the claims against each defendant in turn.

---

[1] Thorpe asserts in his reply brief that the district court should have recognized there were extenuating circumstances and that he was unable to effectively serve process in time. Because he failed to make that argument in his opening brief before this Court, he has forfeited it. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

6

A.

Prosecutors have absolute immunity from § 1983 individual capacity claims for actions they take in the "initiation and pursuit of criminal prosecution." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Our analysis of those actions is functional; we consider the nature of the function the defendant performed, not the defendant's job title. Hart v. Hodges, 587 F.3d 1288, 1294–95 (11th Cir. 2009). Section 1983 provides prosecutors with absolute immunity for functions "intimately associated with the judicial phase of the criminal process," including "refusing to investigate." Id. at 1295.

Willis is entitled to absolute prosecutorial immunity. Even accepting as true Thorpe's allegations that Willis "oversaw" the other attorneys, "assigned" them to the case, "knew of" the charges against Thorpe, and "failed to act," all of those actions involve Willis' preparation for trial. Trial preparation is a prosecutorial function, and Willis has prosecutorial immunity for it.

B.

Judges have absolute judicial immunity from damages in individual capacity suits so long as they were not acting in the "clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). We consider four factors to determine whether a judge is acting within the scope of his judicial capacity: whether "(1) the act complained of constituted a normal judicial function; (2) the

7

events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Id.

Thorpe complained that Judge Glanville wrongfully denied his request to modify the conditions of his bond. Judge Glanville's consideration of Thorpe's request for bond modification is a normal judicial function. It took place in the judge's chambers or in open court. The request involved a case pending before Judge Glanville. And Thorpe's claims arise immediately out of that interaction. Judge Glanville's actions thus fall squarely within judicial immunity.

## C.

Thorpe also requested declaratory relief in his claims against Willis and Judge Glanville in their official capacities. While the Eleventh Amendment generally prohibits federal courts from hearing suits brought against state officials[2] in their official capacity, there is one exception. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). A plaintiff can sue a state officer "seeking prospective equitable relief to end continuing violations of law." Id.

---

[2] The Georgia Constitution gives in state courts the judicial power of the state. Ga. Const. Art. VI, § 1. And we have held that, under Georgia law, a prosecutor "exercising [her] discretion in prosecutorial decisions" is a state official who is acting on the State's behalf. Owens v. Fulton County, 877 F.2d 947, 951 (11th Cir. 1989). The Eleventh Amendment applies both to Judge Glanville and Willis.

(citing Ex parte Young, 209 U.S. 123 (1908)).  But a plaintiff may not use Ex parte Young "to adjudicate the legality of past conduct."  Id. at 1337.

Thorpe contends that the district court ignored his claims for declaratory relief in his first amended complaint; and that because he requested declaratory relief — specifically, a written acknowledgement of past wrongs — his claims are not barred by the Eleventh Amendment.  We disagree.  Thorpe is attempting to readjudicate the past conduct of Willis and Judge Glanville.  He does not claim there is any ongoing violation of his constitutional rights.  So Ex parte Young does not apply.  The district court was correct to dismiss the claims against Willis and Judge Glanville.

## IV.

Finally, Thorpe contends that the district court was biased against him and wrongly denied his motion for reconsideration.  But a motion for reconsideration cannot be used to relitigate old matters.  Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).  Because Thorpe's argument is a rehash of the reasons he believes the district court should not have ruled against him, the denial of his motion was not an abuse of discretion.  Id.

**AFFIRMED.**

9