**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 27 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK WILLIAM COLLINS,<br><br>                       Petitioner-Appellant,<br><br>  v.<br><br>JAMES SALMONSEN; AUSTIN KNUDSEN,<br><br>                    Respondents-Appellees. | No.   22-35870<br><br>D.C. No.<br>2:22-cv-00035-BMM-JTJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted August 19, 2024[**]
Portland, Oregon

Before:  CHRISTEN and NGUYEN, Circuit Judges, and EZRA,[***] District Judge.

Petitioner Mark Collins appeals the district court's orders denying his

motion to proceed in forma pauperis and dismissing his 28 U.S.C. § 2254 petition

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

without prejudice. We review a district court's decision to deny a litigant's request to proceed in forma pauperis for abuse of discretion. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). We review a district court's dismissal of an action for failure to prosecute the case or comply with court orders for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–41 (9th Cir. 2002).

1.      The district court did not abuse its discretion in denying Collins's motion for leave to proceed in forma pauperis. Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Court requires that an application to proceed in forma pauperis be accompanied by an affidavit compliant with 28 U.S.C. § 1915 as well as an account statement certified by the appropriate officer of the petitioner's place of confinement. Although Collins submitted an affidavit listing his income and assets, he never submitted the "certified copy of the trust fund account statement" as required by Rule 3(a) and § 1915(a)(2). The clerk of the court sent Collins a letter informing him that the account statement would be required for the court to consider his request, but Collins never replied to this letter or otherwise explained why he was unable to obtain the statement. On this record, we cannot say that the district court abused its discretion in denying Collins's application on the grounds that the application did not comply with the statutory requirements. *See, e.g.*, *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011).

2.      Because we find that the district court acted within its discretion in

denying Collins's application to proceed in forma pauperis, we also find that the district court acted within its discretion for dismissing Collins's petition without prejudice for failure to pay the $5 filing fee. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Court requires petitioners to follow local district court rules. In the District of Montana, one such rule provides that if the petitioner fails to pay filing fees within 14 days of the denial of the IFP application, "the action is dismissed." L.R. 3.1(e)(3)(b). The district court order denying Collins's IFP application was issued on May 19, 2022, and Collins did not pay the filing fee within 14 days of that order. The district court therefore did not abuse its discretion in dismissing Collins's petition for failure to pay the fee.[1]

**AFFIRMED.**

---

[1] Collins also argues that the district court abused its discretion by requiring him to file notarized versions of his petition and supplement. Assuming Collins is correct, we nevertheless affirm because Collins's failure to pay the filing fee independently supports the district court's order dismissing the petition.