893 F.2d 169
 51 Fair Empl.Prac.Cas. 1252,
52 Empl. Prac. Dec. P 39,542
Gerry C. DuBOSE, Appellant,
v.
STATE OF MINNESOTA, Minnesota Dept. of Public Welfare,
Joanne Flynn, John Flynn, individually and as
employees of the Minnesota Department of
Public Welfare, Appellees.
 No. 87-5500.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1989.
Decided Jan. 4, 1990.
 
 Barrie Schumack, Minneapolis, Minn., for appellant.
 Scott R. Strand, St. Paul, Minn., for appellees.
 Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.
 WOLLMAN, Circuit Judge.
 
 
 1
 Gerry C. DuBose appeals from the district court's[1] grant of partial summary judgment against him on racial discrimination claims brought pursuant to 42 U.S.C. Sec. 2000e et seq. (Title VII), 42 U.S.C. Secs. 1981-1988, and the Minnesota Human Rights Act, Minn.Stat. Secs. 363.01-.15 (1988), and the subsequent dismissal of the complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute. We affirm.
 
 
 2
 From October 1974 to March 1985, DuBose, a black male, worked as a special teacher at the Moose Lake Regional Treatment Center (Center) in Moose Lake, Minnesota. On June 13, 1983, he was suspended from work for ten days without pay. DuBose filed a charge with the Equal Employment Opportunity Commission (EEOC) on July 18, 1983, based on this suspension. The EEOC issued a right to sue letter on December 2, 1983. On December 13, 1983, DuBose was again suspended from employment, and on January 13, 1984, he was terminated.
 
 
 3
 On January 31, 1984, DuBose filed a pro se complaint seeking "appropriate relief" (including injunctive orders and damages) against the state of Minnesota. DuBose alleged violations of Title VII resulting from his first two suspensions and his discharge from employment. In October 1984, DuBose filed a second discrimination charge with the EEOC based on a denial of a salary increase, the December 1983 suspension, and the January 1984 termination. In December 1984, after arbitration, DuBose was reinstated at the Center but was again suspended and ultimately terminated in March 1985.
 
 
 4
 In April 1985 DuBose, with counsel, amended his complaint to allege violations of Title VII, 42 U.S.C. Secs. 1981, 1983, and 1985 and the Minnesota Human Rights Act. The amended complaint named as defendants the state, the Minnesota Department of Public Welfare, Joanne Flynn, John Flynn, Marjorie Lehman, and Frank R. Milczark, individually and as employees of the Minnesota Department of Public Welfare. DuBose sought damages, reinstatement, and such further relief that the court might deem justified.
 
 
 5
 On May 13, 1985, DuBose filed his third charge of discrimination with the EEOC based on the March 1985 suspension and termination. On July 31, 1985, the EEOC issued a right to sue letter based on the October 1984 and May 1985 charges.
 
 
 6
 In August 1986, appellees filed a motion for summary judgment on all counts of the complaint. The district court (1) granted appellees summary judgment on all DuBose's claims made pursuant to 42 U.S.C. Secs. 1981-1988 and the Minnesota Human Rights Act on the basis of eleventh amendment immunity; (2) granted appellees summary judgment on the Title VII claims based on the October 1984 EEOC charges, holding that these charges had been untimely filed with the EEOC; (3) denied DuBose's claim for attorney's fees, as DuBose was not yet a prevailing party; and (4) denied appellees' motion for summary judgment on DuBose's remaining Title VII claims, as there were disputed material facts. DuBose's appeal from the grant of summary judgment in favor of the appellees was dismissed by this court as premature in DuBose v. Minnesota, 815 F.2d 711 (8th Cir.1987).
 
 
 7
 In June 1987, the magistrate to whom the case was referred granted counsel's motion to withdraw, gave DuBose thirty days to obtain new counsel, and set a pretrial conference for August 4, 1987. On the morning of August 4th, DuBose notified the court by phone that he did not have counsel and would not appear at the pretrial conference. In a subsequent order setting the trial date for DuBose's remaining Title VII claims, the magistrate noted that DuBose had similarly failed to comply with other pretrial orders and that DuBose was attempting to "play games" with the court.
 
 
 8
 On October 19, 1987, DuBose did not appear for trial even though he had been informed of the trial date on three occasions. The district court granted appellees' Rule 41(b) motion and entered a judgment dismissing DuBose's complaint for failure to prosecute. This appeal followed.
 
 
 9
 We find no abuse of discretion in the district court's dismissal of DuBose's complaint pursuant to Rule 41(b). See Brown v. Frey, 806 F.2d 801, 803 (8th Cir.1986) (citations omitted) (a district court does not abuse its discretion in dismissing with prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff.' ")
 
 
 10
 We also hold that the claims on which the court had earlier granted partial summary judgment did not merge into the Rule 41(b) order of dismissal, and therefore the summary judgment is not reviewable in this appeal. To hold otherwise would leave the way open for an abuse of the judicial process. "[T]he sufferance of dismissal without prejudice because of failure to prosecute is not to be employed as an avenue for reaching issues which are not subject to interlocutory appeal as of right." Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir.1984), cert. denied, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985). Allowing use of such an avenue would circumvent the policy against piecemeal litigation and review. Huey v. Teledyne, Inc., 608 F.2d 1234, 1239 (9th Cir.1979), cert. denied, 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982); Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir.1974). Cf. Sere v. Board of Trustees, 852 F.2d 285, 288 (7th Cir.1988) (Rule 37(b) dismissal). We believe "[i]t would be unwise to encourage all would-be appellants from interlocutory orders to delay for the purpose of dismissal for lack of prosecution and review of otherwise unreviewable decisions." Ash, 739 F.2d at 497.
 
 
 11
 As did the Ninth Circuit in Ash, we hold that a dismissal for failure to prosecute bars review of earlier entered interlocutory rulings whether the failure was purposeful or inadvertent. Although we do not suggest that DuBose deliberately subjected himself to a dismissal in order to obtain a review of the earlier interlocutory order of dismissal, we are not disposed to fashion a rule that would depend upon nice calculations as to a plaintiff's motives, or lack thereof, for permitting a Rule 41(b) dismissal to be entered. The result of a contrary rule would be the same irrespective of the dismissed party's motives: appellate review of an interlocutory order and possible resuscitation of an otherwise dismissed claim as a result of inaction, either deliberate or inadvertent. The failure to prosecute a claim should carry no such reward, and we decline to confer one here.
 
 
 12
 The order of dismissal is affirmed.
 
 
 13
 ARNOLD, Circuit Judge, concurring in part and dissenting in part.
 
 
 14
 I agree that the District Court acted within its discretion in dismissing this action under Fed.R.Civ.P. 41(b) for failure to prosecute. DuBose inexcusably violated court orders, and the sanction of dismissal with prejudice was appropriate.
 
 
 15
 I do not agree, however, that the District Court's order should bar appellate review of those claims that had previously been finally decided against DuBose. At the time he failed to appear for trial, on October 19, 1987, DuBose could reasonably have believed that all he had to lose, so to speak, was the Title VII claims on which summary judgment had been denied. The punishment should fit the crime, and DuBose's default should result only in his losing those claims that were still alive at the time the default occurred.
 
 
 16
 It may be true, as the Court says, ante at 4, that suffering a dismissal without prejudice because of failure to prosecute should not become an avenue for reaching issues that are not subject to interlocutory appeal as of right. Here, however, the dismissal was with prejudice, and I see no suggestion in this record that DuBose deliberately manipulated the system so as to obtain an early review of decisions that would otherwise not have been appealable. To this extent, I respectfully dissent.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota