USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1577 FRED DAVIS, Plaintiff, Appellant, v. SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Fred Davis on brief pro se. __________ Eunice H. Washington on Motion for Summary Affirmance and ______________________ Memorandum of Law in Support of Motion for Summary Affirmance, for appellee Service Employees International Union, AFL-CIO-CLC. ____________________ October 23, 1996 ____________________ Per Curiam. Pro se appellant Fred Davis appeals __________ from the district court's dismissal of his claim of discrimination on the basis of age and religion and from various interlocutory rulings. We view the dismissal as one for lack of prosecution after Davis unjustifiably refused to be deposed over a period of nearly four months. We affirm. We note initially that Davis is unlikely to be able to refile his Title VII claim of religious discrimination, since the 90-day period after receipt of his right to sue letter has expired. See Wilson v. Grumman Ohio Corp., 815 ___ ______ ___________________ F.2d 26, 27-28 (8th Cir. 1987) (Title VII plaintiff may not refile an action, which was dismissed without prejudice after being timely filed, where the refiling did not occur within 90 days after receipt of the right to sue letter). Hence, dismissal of that claim operated with prejudice to Davis. ____ _________ Accordingly, we evaluate the dismissal under case law considering dismissals with prejudice. A district court may dismiss a case with prejudice for lack of prosecution where the plaintiff has engaged in "extreme misconduct." See Figueroa v. Alegria, 896 F.2d ___ ________ _______ 645, 647 (1st Cir. 1990). Extreme misconduct may be shown by "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct . . . or some other aggravating circumstance such as prejudice to the defendant, glaring -2- weaknesses in the plaintiff's case, and the wasteful expenditure of the district court's time." Id. ___ The district court did not abuse its discretion in dismissing this case. Davis was arguably "contumacious" in unjustifiably refusing to be deposed. Although he submitted his own affidavit and later a note by a physician (but not a physician's affidavit, as directed by the court) in support of his alleged illness, both documents spoke of his illness in conclusory terms. Neither described or documented a specific medical condition or history of treatment that would show that Davis was too ill to be deposed. Under the circumstances, the court could reasonably have concluded that Davis's refusal to be deposed was willful. There were additional aggravating circumstances as well. First, besides refusing to be deposed, Davis impeded progress in his case in other ways. He failed to respond voluntarily and completely to defendants' other discovery requests. In every instance, defendants had to apply to the court for an order before Davis responded, and his ultimate responses were incomplete or inadequate. Second, there were "glaring weaknesses" in his claim of discrimination. In his answers to interrogatories, he implied, but did not directly state, that defendant Joseph Buckley had made discriminatory comments when he refused to grieve Davis's discharge. Davis's simultaneous characterization of Buckley's -3- explanation for not grieving his discharge -- that Davis had not paid his union dues -- as a "pretext" suggests that no such discriminatory comments were made. Likewise, while Davis's August 1994 letter to union president John Sweeney on the incident in question referred to Buckley's assertion that Davis had not paid his union dues, it did not mention any discriminatory comments by Buckley. Finally, given Davis's inadequate responses to defendants' written discovery, his unexcused refusal to be deposed arguably prejudiced defendants' ability to defend this action, which had been pending for over a year when it was dismissed. Because the court properly dismissed the action for lack of prosecution, we need not consider the merits of the interlocutory orders challenged on appeal. See Ash v. ___ ___ Cvetkov, 739 F.2d 493, 495 (9th Cir. 1984), cert. denied, 470 _______ ____________ U.S. 1007 (1985) (interlocutory rulings do not merge into the final judgment in cases dismissed for lack of prosecution and so are not reviewable on appeal); accord DuBose v. State of ______ ______ ________ Minnesota, 893 F.2d 169, 171 (8th Cir. 1990). _________ Affirmed.  _________ -4-