# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2006

———————

Larry Ray Smith,                                    *
                                                    *
      Plaintiff – Appellant,              *
                                                    *   Appeal from the United States
    v.                                      *   District Court for the
                                                    *   District of South Dakota.
Gold Dust Casino; Full House, Inc.;                 *
Harry Christianson, Owner;                          *
Brian Carmichael, General Manager;                  *
Tony Milos, Human Resources                         *
Manager,                                            *
                                                    *
      Defendants – Appellees.             *

———————

Submitted: March 14, 2008
Filed: May 27, 2008

———————

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Appellant, Larry Ray Smith ("Smith"), brought an action pro se against Appellees, Gold Dust Casino, Full House, Inc., Harry Christianson, Brian Carmichael, and Tony Milos (collectively "Gold Dust"), alleging that he had been discharged from his employment with Gold Dust in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* The district court, on Gold Dust's motion, dismissed the action pursuant to Fed. R. Civ. P. 41(b) for failure of Smith to

make full discovery. Smith appeals. We reverse and remand with instructions to the district court to reinstate the action.

## I. BACKGROUND

On July 12, 2005, Smith, pro se, filed a complaint in District Court for the District of South Dakota alleging that Gold Dust terminated Smith's employment in violation of the ADA.

The district court, on November 16, 2005, issued a scheduling order directing that discovery shall terminate on March 1, 2006 and that the parties shall file all motions, excluding motions in limine, by April 1, 2006. In a letter to the district court and defense counsel dated January 5, 2006, Smith requested a thirty-day extension to permit him to look for counsel. Smith also explained that he was experiencing health problems related to, among other things, cardiac artery disease. The district court granted Smith's request and extended the discovery and motions deadlines to April 1, 2006 and May 1, 2006, respectively. In an effort to comply with the discovery schedule, Smith informed the district court and defense counsel on January 30, 2006 that he intended to use, as "expert testimony", Smith's medical record and documents relating thereto.

On February 27, 2006, Smith informed both the court and defense counsel that he was scheduled to undergo heart surgery which would, most likely, prevent Smith from finding an attorney or complying with the discovery deadline. In light of Smith's medical problems, the parties filed a joint request for an extension of the discovery and motions deadlines. On April 7, 2006, the district court granted the joint motion and reset the discovery deadline for July 1, 2006 and the motions deadline for August 1, 2006. In the eight months that followed, neither Smith nor Gold Dust informed the court of any discovery problems.

On December 11, 2006, the district court issued an order setting a March 6, 2007 trial date. Shortly thereafter, on December 15, 2006, Gold Dust filed a motion to dismiss Smith's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the court's discovery deadlines. Gold Dust alleged that Smith failed to: (1) provide relevant disclosures; (2) adequately answer interrogatories; and (3) respond to Gold Dust's requests for production of documents. Gold Dust also asked the district court to award attorneys' fees. Alternatively, Gold Dust requested that the court enter an order compelling Smith to comply with discovery. This was Gold Dust's first contact with the district court since the court's April 7, 2006 order extending the discovery and motions deadlines.

Smith responded that he had found trial counsel willing, upon condition, to take his case, and requested that the district court postpone the March 6, 2007 trial date until the middle to late summer. Smith attached to his response a letter to Smith from George C. Price ("Price"), a Colorado attorney. Price indicated that he would take Smith's case but would not be prepared to go to trial until mid-summer. Price also indicated that he was not admitted to the Federal Bar in South Dakota and therefore needed to obtain local counsel willing to sponsor his admission *pro hac vice*. Price stated that his representation of Smith was contingent upon Smith obtaining a continuance of the trial date and Price obtaining local counsel willing to sponsor Price's admission *pro hac vice*. Price had advised Smith to request a continuance of the March trial date.

In an order dated February 20, 2007, the district court denied Smith's request for a continuance, granted Gold Dust's motion to dismiss Smith's complaint, and entered judgment for Gold Dust and against Smith, together with costs. While the district court recognized Smith's pro se status, the court stated that regardless, Smith was "not permitted to refuse compliance with the plain wording of the court's orders." The court concluded that Smith's "contentious refusal to adhere to the orders of the Court warrants dismissal."

Smith filed a motion for reconsideration on March 2, 2007. Smith argued that he attempted to complete discovery but had considerable difficulty retaining counsel willing to represent him. In support of his motion for reconsideration, Smith attached a letter from a South Dakota attorney noting that Smith briefly retained him to render an opinion on the merits of his suit and to assist him in complying with discovery. The letter indicated that while Smith may have failed to comply with discovery, this noncompliance was not willful.

The district court denied Smith's motion for reconsideration noting that while Smith's noncompliance may not have been willful, Smith nevertheless knew that he had not complied with discovery and did not request assistance in complying with the discovery deadlines. This appeal followed.

## II. DISCUSSION

A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." We review the district court's factual finding of willful or intentional failure to prosecute or comply with court orders for clear error. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). This court reviews the district court's decision to dismiss an action pursuant to Rule 41(b) for abuse of discretion. Good Stewardship Christian Ctr. v. Empire Bank, 341 F.3d 794, 797 (8th Cir. 2003). When determining whether the district court abused its discretion in dismissing an action, "this court employs a balancing test that focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court," Rodgers v. The Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations and citation omitted). We have repeatedly stressed that the "sanction imposed by the district court must be *proportionate* to the litigant's transgression," id. (emphasis added), and that

"[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint," Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984).

We conclude that the sanction of dismissal with prejudice under these circumstances was disproportionate to Smith's transgression. The district court therefore abused its discretion in dismissing with prejudice Smith's complaint.

The record does not show that Smith intended to delay the proceedings by failing to comply with discovery. Nor, does the record support the district court's characterization that Smith contentiously refused to comply with court orders. To justify the extreme sanction of dismissal with prejudice, this court has required far more egregious and willful conduct than presented here. See, e.g., Good Stewardship Christian Ctr., 341 F.3d at 797-98 (holding dismissal with prejudice warranted when the record showed that plaintiff's conduct which included making several ex parte statements in violation of a district court order, making numerous baseless motions for sanctions against opposing counsel, failing to properly answer requests for admissions, and obstructing discovery during depositions, was designed to delay proceedings); Hunt, 203 F.3d at 527-28 (holding dismissal with prejudice warranted when between the issuance of the pretrial order and the date trial was set to commence, the litigant "engaged in at least six distinct violations of the court's orders or of the Federal Rules"); Rodgers, 135 F.3d at 1218 (holding dismissal with prejudice warranted when the litigant failed to appear at two court ordered depositions, disregarded the district court's order to produce certain material documents, and violated a court order prohibiting him from firing his fourth set of counsel).

In this case, Smith was simply incapable of complying with the discovery deadlines because of, among other things, a serious health problem which required surgery. Furthermore, the record shows that throughout the discovery period Smith

made sincere efforts to complete discovery, inform the court of his progress, and give explanations for any delays.

This is not a case where a litigant flagrantly disregarded or ignored any advance warning from the district court that failure to comply with discovery deadlines would result in dismissal with prejudice. The district court did not give any such warning here. While the failure to give warning that a litigant is "skating on thin ice," does not, alone, compel reversal, we certainly encourage it as it would put a litigant, especially a pro se litigant such as Smith, on notice that he risks irreversibly losing the right to bring suit. See Rodgers, 135 F.3d at 1221. The district court's failure to give Smith any advance warning weighs against imposing the extreme sanction of dismissal with prejudice. This is especially so in light of the fact that in the eight months that passed between the district court's April 7, 2006 order extending the discovery and motions deadlines and Gold Dust's motion to dismiss Smith's complaint, Gold Dust made no effort to inform the district court of Smith's noncompliance.

When determining whether or not to dismiss a case with prejudice a district court should first "consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party." Mann v. Baumer, 108 F.3d 145, 147 (8th Cir. 1997). The record does not show that the district court gave adequate consideration to a less-severe sanction. Indeed, Appellees requested as an alternative to dismissing the action that the district court issue an order compelling Smith to comply with discovery. By the time the district court considered Gold Dust's motion to dismiss, Smith had found counsel willing to take his case contingent upon Smith obtaining a continuance of the trial date. In these circumstances, the extreme sanction of dismissal of the action cannot be approved.

While parties who do not comply with court orders may face sanctions, we reiterate that "the punishment should fit the crime, and not every instance of failure

to comply with an order of [the] court, however inexcusable, justifies total extinction of a client's cause of action." Givens, 751 F.2d at 263. We conclude that the district court abused its discretion in dismissing with prejudice Smith's complaint.

### III.  CONCLUSION

We reverse the district court's dismissal of this case and remand with instructions that the district court reinstate the case for further proceedings consistent with this opinion.

_____