# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-2733

_____

Damond Thompson,                      *

                              *

           Appellant,          *

                              *   Appeal from the United States

    v.                          *   District Court for the

                              *   Western District of Arkansas.

Captain Melvin Steed,        *

                              *   [UNPUBLISHED]

           Appellee.          *

_____

Submitted:  March 24, 2010
Filed:  March 29, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Damond Thompson appeals the district court's[1] dismissal of his action without prejudice for failure to prosecute. The dismissal occurred after Thompson failed to comply with an April 6 order directing him to submit a witness and exhibit list for his scheduled evidentiary hearing. Thompson argues on appeal that dismissal was erroneous because he did not receive the April 6 order, he had given written notice to

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

the court that he was having trouble sending and receiving mail at his new address, and he had not previously failed to respond to any court orders.

We hold that the district court did not clearly err in finding that it was unlikely that Thompson did not receive the order, see Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (clear-error standard), and thus the court did not abuse its discretion in dismissing the action without prejudice under Federal Rule of Civil Procedure 41(b). See Smith v. Gold Dust Casino, 526 F.3d 402, 404-05 (8th Cir. 2008) (standard of review for dismissal for failure to prosecute). The order warned Thompson that his action could be dismissed if he did not file his witness and exhibit list by a certain date and that no further continuances of the evidentiary hearing would be granted absent an extraordinary showing of good cause. See First Gen. Res. Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (upholding dismissal under Rule 41(b) in part because district court "expressly warned" appellants that case could be dismissed); Farnsworth v. Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (per curiam) (pro se litigants are not excused from complying with court orders).

Accordingly, the judgment is affirmed.

_____