# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2478

_____

| | | |
|---|---|---|
| In re:  Prempro Products Liability Litigation, | * | |
| | * | |
| ----------------------------- | * | |
| | * | |
| Emily Heth; Martin Heth, | * | |
| | * | |
| Plaintiff-Appellants, | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Wyeth, Inc; Wyeth Pharmaceuticals, Inc., | * | |
| | * | [UNPUBLISHED] |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: January 14, 2011
Filed: August 8, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellants seek reversal of the district court's[1] dismissal of this action for failure to prosecute. We affirm.[2]

In 2004, Emily Heth and Martin Heth brought an action against Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (collectively "Wyeth"), for claims based on Emily's development of breast cancer allegedly resulting from her use of hormone therapy. The complaint was filed in the District of Montana, the Heths' domicile, but the Judicial Panel on Multidistrict Litigation (MDL) transferred the case to the Eastern District of Arkansas for discovery and pretrial proceedings.

In September 2005, Emily died in an automobile accident. Martin was appointed personal representative of Emily's estate, and in April 2007, the estate was closed. Between August 2006 and February 2008, of the thousands of pending lawsuits, three representative trials were conducted while the court stayed the remainder of the actions, including this one. On March 23, 2010, the district court selected this case along with 199 others for limited, case-specific discovery. The court entered an April 1 order directing the plaintiffs in the 200 cases to provide defendants with updated medical authorization forms and warned that failure to do so could result in dismissal of their complaints for failure to prosecute. On May 11, Wyeth moved for dismissal of those actions, including this one, in which it had not received an updated medical authorization form. The district court gave plaintiffs until 5:00 PM on May 19 to provide the updated form and again warned that failure to do so could result in dismissal for failure to prosecute.

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

[2]We grant Martin Heth's motion to be substituted for his deceased wife Emily Heth. See Fed. R. App. P. 43(a).

On May 24, Wyeth moved to dismiss the Heths' action. Martin responded to the motion by informing the court that Emily's estate had been closed and that efforts were being made to reopen the estate and obtain the required updated medical authorization form. The district court dismissed the action for failure to prosecute. The district court also denied a post-judgment motion for relief. This appeal follows.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court retains discretion to dismiss an action when "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). We review such dismissals for abuse of discretion. Smith v. Gold Dust Casino, 526 F.3d 402, 404, 404-05 (8th Cir. 2008). Dismissal "must be proportionate to the litigant's transgression" and "used only in cases of willful disobedience of a court order." Id. at 405 (quotations omitted). We also recognize, however, that "administering cases in multidistrict litigation is different from administering cases on a routine docket." In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007) (quoting In re Phenylopropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1229 (9th Cir. 2006)). To that end, "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." Id.

In both the initial April 1 order directing plaintiffs to supply the updated medical authorization and the second order setting a firm deadline of May 19 for compliance, the district court warned that failure to comply could result in dismissal for failure to prosecute. Over five weeks passed between entry of the April 1 order and when the Heths' attorneys contacted Martin about reopening the estate. Also, it was not until Wyeth filed the first motion to dismiss on May 11 that the Heths' attorneys began communications with Wyeth's attorneys about Emily's death and attempts to reopen her estate. After the May 19 deadline passed without an updated medical authorization form, Wyeth moved to dismiss this action along with twelve others. The district court dismissed for failure to prosecute.

-3-

In consideration of the discretion given district courts to administer MDL cases and in light of facts demonstrating derelict oversight of this case by the Heths' counsel, the district court did not abuse its discretion when it dismissed this action for failure to prosecute.

Accordingly, we affirm.

_____