# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2180

_____

| | | |
|---|---|---|
| Lois Ann Mabry, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Metropolitan Council, | * | |
| | * | [UNPUBLISHED] |
| Appellee, | * | |
| | * | |
| Metro Transit; Gordon Paulson; | * | |
| William Andre; Meredith Turdick; | * | |
| Peter Bell; Brian Lamb, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: March 27, 2012
Filed: April 3, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lois Ann Mabry appeals the district court's[1] dismissal of her civil action, with prejudice, under Federal Rules of Civil Procedure 37 and 41. We conclude the

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

dismissal was not an abuse of discretion. Despite receiving several continuances or extensions and being warned that failure to comply with the court's discovery order could result in dismissal of her action, Mabry waited until the eve of her response deadline to inform defense counsel she would not provide the information; and thereafter, to the remaining defendant's prejudice, she failed to provide full and complete discovery responses or even communicate with defense counsel. See Smith v. Gold Dust Casino, 526 F.3d 402, 404-05 (8th Cir. 2008) (Rule 41(b) dismissal is reviewed for abuse of discretion; dismissal with prejudice is appropriate only in cases of willful disobedience of court order or persistent failure to prosecute complaint); Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (Rule 37 dismissal is reviewed for abuse of discretion; dismissal requires willful violation of order compelling discovery and prejudice to other party). Further, there was no evidence in the record that Mabry's mental condition prevented her from submitting the responses, and the district court adequately considered other possible sanctions before concluding those sanctions were not viable. See Smith, 526 F.3d at 406 (when determining whether to dismiss case with prejudice, court should first consider whether any less severe sanction could adequately remedy effect of delay on court and prejudice to opposing party); cf. Hunt v. City of Minneapolis, 203 F.3d 524, 528 (8th Cir. 2000) (rejecting plaintiff's argument that post-traumatic stress disorder justified noncompliance with court orders).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____