# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3766

_____

William DiMercurio

*Appellant*

v.

Deidre Malcom

*Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: June 10, 2013
Filed: June 18, 2013 (Corrected June 19, 2013)

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Approximately two months before September 4, 2012, the trial date for William DiMercurio's lawsuit to recover for injuries that he suffered in a car accident, the district court *sua sponte* rescheduled the trial for October 15, 2012. Due to an overseas trip that Mr. DiMercurio and at least one of his witnesses had planned for the week of October 15 (scheduled at a time when they believed that the trial would

take place on September 4), Mr. DiMercurio's attorney moved for a continuance; the court simply denied the motion. In a motion asking the court to reconsider, Mr. DiMercurio's attorney added to the facts adverted to in his original motion, explaining that the trip was non-refundable and involved two "key witnesses" in addition to Mr. DiMercurio; the court denied the motion, again without comment. On the day of trial, Mr. DiMercurio's attorney asked once more for a continuance and the court denied the request. Since he believed that he had no other option, as he had no witnesses available, Mr. DiMercurio's counsel told the court that "the plaintiff is not going to go forward with this." The court then dismissed the case with prejudice, *see* Fed. R. Civ. P. 41(b), and assessed costs against Mr. DiMercurio. It later denied Mr. DiMercurio's motion to reconsider the dismissal, *see* Fed. R. Civ. P. 60(b), and he appeals, asserting that the court abused its discretion in dismissing his case with prejudice and assessing costs. We agree and reverse.

Mr. DiMercurio contends that the district court abused its discretion by imposing the "extreme sanction" of dismissing his case with prejudice where the record showed neither "intentional delays" nor "contumacious conduct" on his part. "We review a district court's dismissal for failure to prosecute for abuse of discretion, balancing the court's need to advance a crowded docket against the consequences of denying a plaintiff's day in court." *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999); *see also Smith v. Gold Dust Casino*, 526 F.3d 402, 404-05 (8th Cir. 2008).

According to Rule 41(b), a district court may dismiss a case if "the plaintiff fails to prosecute" or doesn't comply with the Federal Rules of Civil Procedure or a court order. *Id.* Despite the breadth of the language of the rule, *see Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000), we have held that a Rule 41(b) dismissal with prejudice "is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff," *Skelton*, 187 F.3d at 908 (internal quotation marks and citations omitted). And we have admonished that "[e]ven where the facts might support

-2-

dismissal with prejudice, this ultimate sanction should only be used when lesser sanctions prove futile." *See Hunt*, 203 F.3d at 527 (internal quotation marks and alterations omitted).

The circumstances of this case are quite different from those in our relevant precedents where we have used the aforementioned principles to review Rule 41(b) dismissals with prejudice. *See, e.g.*, *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722-23 (8th Cir. 2010); *Smith*, 526 F.3d at 403-05; *Hunt*, 203 F.3d at 527-29; *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1218-21 (8th Cir. 1998). In those cases, there was an ongoing pattern of delay, a persistent failure to prosecute, or a disobedience of court orders on the part of the plaintiff, and, even then, we reversed in *Smith*, 526 F.3d at 405, because the record lacked evidence that the plaintiff's pattern of delay was intentional and "far more egregious and willful conduct" was required to warrant such an extreme sanction. Here, Mr. DiMercurio and his attorney faithfully prosecuted the case and obeyed court orders and the rules until the attorney appeared in court on the day of trial and stated, prospectively, that Mr. DiMercurio was unable to prosecute his case.

While a "plaintiff need not have acted in bad faith" to warrant a Rule 41(b) dismissal with prejudice, *see Arnold*, 627 F.3d at 722, we do look at the plaintiff's state of mind and the attendant circumstances when reviewing a dismissal for abuse of discretion, *see Smith*, 526 F.3d at 405-06. The circumstances in this case stem from the district court's denial of the plaintiff's motions for a continuance, which we also review for abuse of discretion, *see Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 499 (8th Cir. 2009). In denying the motion for a continuance on the day of trial, the court acknowledged that the plaintiff had already moved twice for a continuance, and that if it "had been able to continue this trial to accommodate the plaintiff" it would have, but it could not. The court also recognized that it was "unfortunate" that the plaintiff "had this trip that he had planned" with "nonrefundable tickets" and that there were "some potential witnesses who were

going on the trip as well." The court decided, however, that the plaintiff "weighed the lawsuit against losing the costs of the trip" and "chose to go on his trip" and that, even "if his other witnesses weren't willing to stay and even if they couldn't be compelled to stay," the plaintiff would be "the best person to testify about his injuries and how they affected him."

The record here shows no evidence of why the district court could not have accommodated its schedule, the defendant's schedule, and the plaintiff's schedule in continuing the case to a later date. And we think that Mr. Dimercurio had a good basis for a continuance: He and his witnesses to injuries that he suffered in the automobile accident had scheduled the trip before the court *sua sponte* and without notice moved the date of his trial to the week of the trip. (Although he had sought a motion to compel mediation of the lawsuit before the court rescheduled the trial, nothing in the record indicates that the court was responding to the motion, which it later denied). We do not take lightly the need for a district court "to advance its burdened docket," *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997), and are mindful of the discretion we must give it to do so. But when looking at the failure to prosecute here in light of all the circumstances, we believe that the injury that the harsh sanction caused Mr. DiMercurio by depriving him of his claim outweighed the costs to the court and the defendant that a delay in trial might generate. We conclude therefore that the district court abused its discretion in denying Mr. DiMercurio a continuance and therefore erred in dismissing the case with prejudice and denying his motion to reconsider.

Accordingly, we vacate the order dismissing the case with prejudice and remand to the district court for further proceedings consistent with this opinion.

_____