# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2014

_____

Carlden Trotter

*Plaintiff - Appellant*

v.

Walter Lawson, Correctional Officer I, ERDCC; Stephen McGee, Correctional
Officer I, ERDCC

*Defendants - Appellees*

David L. Shipley, Correctional Officer I, ERDCC

*Defendant*

Bobby Currington, Correctional Officer I, ERDCC; Robert Thebeau, Correctional
Officer I, ERDCC; Steve Larkins; Scott McFarland, Correctional Officer I, ERDCC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 6, 2016
Filed: January 11, 2016
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Carlden Trotter appeals after the district court denied his motions for appointment of counsel and dismissed his 42 U.S.C. § 1983 action for failure to prosecute. Having jurisdiction under 28 U.S.C. § 1291, this court reverses.

Trotter brought this pro se action alleging that after he had an altercation with a non-defendant corrections officer at the Eastern Reception, Diagnostic and Correctional Center, defendant corrections officers retaliated by beating him while he was handcuffed and not resisting. Throughout the pretrial proceedings, Trotter filed several motions for appointment of counsel, indicating that he was unable to afford counsel, institutional constraints were hampering his ability to investigate his claims, and he would need a lawyer to present his case to a jury. The court denied each motion for counsel upon concluding that the case was not so complex as to warrant appointment of counsel, and that Trotter's pleadings indicated he was capable of presenting the facts and legal issues without the assistance of counsel.

When the parties appeared for trial, the court began by hearing arguments on defendants' motions in limine and objections to certain exhibits and witnesses offered by Trotter. After several adverse rulings, Trotter again requested counsel and stated he would not participate without a lawyer as he did not know how to put forth evidence to prove his case. Defendants moved orally to dismiss the case for want of prosecution. *See* Fed. R. Civ. P. 41(b). The proceeding ended with the following exchange after one of Trotter's witnesses was called for an offer of proof:

> THE COURT: Do you want to continue with this case today and proceed to trial?
> MR. TROTTER: I want to continue and get me a lawyer.
> THE COURT: The Court cannot give you a lawyer.
> MR. TROTTER: Well, we can get it continued so I can get my own

|  | lawyer. I don't know what I'm doing, and I'm not going to sit up here and play this game while you let them take all my evidence. What am I--What am I going to have to prove? |
| THE COURT: | Mr. Trotter, do you want to ask any questions of this witness? |
| MR. TROTTER: | I said I'm through. |
| THE COURT: | So you're not going to proceed-- |
| MR. TROTTER: | No. |
| THE COURT: | --with this case today? |
| MR. TROTTER: | No. |
| THE COURT: | Okay. Thank you sir. You may step down. Do you have a response to Defendant's motion? |
| MR. TROTTER: | I'm not going to play this game, ma'am. |
| THE COURT: | Do you have a response to the motion? Mr. Trotter? Based on Mr. Trotter's unwillingness to proceed today, I'm going to dismiss the case; grant the motion of the Defendants. |

On appeal, Trotter argues that the district court erred both in denying appointed counsel and in dismissing the case for failure to prosecute. Appellees argue that dismissal was proper based on Trotter's unwillingness to proceed, and citing *DuBose v. State of Minn.*, 893 F.2d 169 (8th Cir. 1990), they assert that Trotter's request for counsel is not properly before this court, *see id.* at 171 (holding that interlocutory order granting partial summary judgment did not merge into Rule 41(b) order of dismissal and therefore interlocutory order was not reviewable on appeal). The interlocutory order here, however, does not trigger the concern for abuse of the judicial process that animates *DuBose*, and therefore both the denial of counsel and the dismissal of the case are properly before this court.

Turning to the merits, this court concludes that the district court abused its discretion in dismissing the case for failure to prosecute, which amounted to a dismissal under Federal Rule of Civil Procedure 41(b) and operated as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal operates as

adjudication on merits unless court states otherwise); *DiMercurio v. Malcom*, 716 F.3d 1138, 1139 (8th Cir. 2013) (standard of review).  Although a court may dismiss a case with prejudice if the plaintiff fails to prosecute, *see* Fed. R. Civ. P. 41(b), such a dismissal is a "drastic and extremely harsh sanction" that is only proper when "there has been a clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions prove futile," *DiMercurio*, 716 F.3d at 1140 (internal quotation marks and citations omitted).  "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000) (citation omitted).  Here, reversal is warranted because the record does not show that the district court gave adequate consideration to a less severe sanction--such as dismissal without prejudice to allow Trotter to pursue his suggestion of procuring his own counsel--or that the court expressly warned Trotter that his case would be dismissed with prejudice if he did not proceed immediately.

Upon careful consideration, this court concludes also that the district court abused its discretion in denying appointed counsel.  *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review and relevant factors).  When ruling on a motion for appointed counsel, a court must exercise "a reasoned and well-informed discretion" and should "seriously consider" appointing counsel when an indigent plaintiff states a colorable claim and the nature of the case is such that he and the court would benefit from assistance of counsel.  *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).  Although counsel may have been unwarranted early in the proceedings, the record demonstrates that as the case progressed, Trotter had difficulty obtaining and presenting admissible evidence, and importantly, he lacked the skills necessary to present his case to a jury.  *See Rayes v. Johnson*, 969 F.2d 700, 704 (8th Cir. 1992); *Abdullah v. Gunter*, 949 F.2d 1032, 1036 (8th Cir. 1991); *Johnson v.*

*Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

This court reverses the denial of appointed counsel and the dismissal of the case with prejudice. The case is reinstated with directions to appoint counsel.

_____