# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2585

_____

Latoya Owens

*Plaintiff - Appellant*

v.

Linn Companies

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: April 13, 2018
Filed: May 1, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Latoya Owens appeals after the district court[1] dismissed her employment-discrimination action, without prejudice, as a sanction for failing to provide or permit discovery and for failing to obey discovery-related orders. The dismissal was based on Federal Rules of Civil Procedure 37 and 41. As we construe Owens's arguments on appeal, she challenges the dismissal of the action and the denial of a motion she filed seeking sanctions. She also moves in this court to supplement the record on appeal.

We conclude that the dismissal of the action was not an abuse of discretion. *See Smith v. Gold Dust Casino*, 526 F.3d 402, 404-05 (8th Cir. 2008) (reviewing a Rule 41(b) dismissal for an abuse of discretion and the underlying factual findings for clear error). First, the district court found that Owens failed to comply with a court order, failed to provide or to permit discovery, and failed to participate in her properly noticed deposition. Owens does not dispute these findings on appeal. *See* Fed. R. Civ. P. 37(b)(2)(A) (authorizing the dismissal of an action or proceeding in whole or in part as a sanction for a party's failure to obey a court order to provide or permit discovery), 37(d) (authorizing dismissal as a sanction for a party's unexcused failure to appear for that party's properly noticed deposition), 41(b) (authorizing dismissal of an action if a plaintiff fails to comply with a court order); *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (stating that points not meaningfully argued on appeal are waived). Moreover, we agree with the district court that Owens's noncompliance was intentional, and we note that nothing in the district court record—including the materials that Owens seeks to add to the record on appeal—indicated that her conduct was accidental or involuntary. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam) (explaining that, where the complaint is dismissed for the plaintiff's failure to comply with a court order, the district court

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

need not find that the plaintiff acted in bad faith, but only that the plaintiff acted intentionally as opposed to accidentally or involuntarily).  In addition, we conclude that the district court did not abuse its discretion in denying Owens's motion for sanctions.  *See Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1110 (8th Cir. 2005) (stating the standard of review).  Accordingly, we affirm the judgment, *see* 8th Cir. R. 47B, and we deny as moot Owens's motion to supplement the record.

_____