# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3230

_____

Lucinda Beadle, Personal Representative of the Estate of Daniel A. Elrod, Deceased

*Plaintiff - Appellant*

v.

City of Omaha, a political subdivision of the State of Nebraska; Todd Schmaderer, only in his official capacity as City of Omaha Chief of Police; Alvin Lugod, Former Officer, only in his official position as an Omaha Police Officer and Agent of the City of Omaha; Does, 1 through 25, inclusive

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 17, 2020
Filed: December 31, 2020

_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Daniel Elrod was shot and killed by former Omaha police officer Alvin Lugod. Lucinda Beadle, personal representative of Elrod's estate, brought this action against Lugod and others under 42 U.S.C. § 1983 and state law, alleging excessive use of

force. The district court[1] granted summary judgment in favor of Lugod in his individual capacity only, ruling that the former officer was entitled to qualified immunity on the § 1983 claim. After the summary judgment decision, Beadle abandoned her case and did not respond to subsequent motions or discovery requests. The district court ultimately dismissed the case for failure to prosecute. We affirm, finding (1) no abuse of discretion in dismissing Beadle's case for failure to prosecute, (2) the dismissal for failure to prosecute bars appellate review of earlier entered interlocutory orders, and (3) Beadle's failure to analyze in her brief issues related to other decisions identified in her Notice of Appeal constitutes a waiver.

## I.    BACKGROUND

On October 31, 2018, the district court granted summary judgment in favor of Lugod in his individual capacity on the § 1983 claim and also dismissed any state claims to the extent they were asserted against him in his individual capacity. Beadle then stopped meaningfully participating in the lawsuit, failing to respond to several motions, orders, and discovery requests. In an order filed on August 16, 2019, the magistrate judge noted that Beadle had neither filed nor served anything in the case since March 1, 2019, and ordered Beadle to show cause by August 30, 2019, why the case should not be dismissed for want of prosecution. The magistrate judge warned Beadle that, absent a timely response, the case would be dismissed without further notice.

Beadle failed to respond to the order to show cause. On September 11, 2019, more than six months after Beadle filed or responded to any filing in the case, the district court dismissed the case without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

Beadle appealed and included in her Notice of Appeal three of the district court's orders: (1) the order granting summary judgment in favor of Lugod based on qualified immunity; (2) an order granting partial dismissal (a motion for which Beadle did not respond to or oppose); and (3) the order dismissing the case for failure to prosecute. Notwithstanding the orders identified in the Notice of Appeal, Beadle only addressed the summary judgment order in her briefing, choosing to remain silent on the other issues. Another hurdle Beadle must overcome is whether she relinquished her ability to appeal the summary judgment order when she failed to prosecute her case. Although this issue was raised in the appellees' brief, Beadle did not respond in her reply brief.

## II.    DISCUSSION

In general, 28 U.S.C. § 1291 vests the courts of appeals with jurisdiction over appeals from "final decisions" of the district court. A "final decision" of the district court over which we have jurisdiction is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Knowlton v. Anheuser-Busch Companies Pension Plan, 849 F.3d 422, 427 (8th Cir. 2017) (cleaned up). Accordingly, under § 1291, we have jurisdiction to review the order of dismissal entered in this case. See Griggs v. S.G.E. Mgmt., L.L.C., 905 F.3d 835, 845 n.54 (5th Cir. 2018) (explaining that the matter under review in a case dismissed for failure to prosecute is the dismissal itself).

While Beadle included the dismissal order in her Notice of Appeal, she has not asserted that the district court abused its discretion by dismissing her case for failure to prosecute. See Smith v. Gold Dust Casino, 526 F.3d 402, 404–05 (8th Cir. 2008) (standard of review). Indeed, by not briefing the issue, she has waived review. Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005) (failing to address an issue in a "brief with some specificity" can result in waiver). And even if she had briefed it, on this record, we would find no abuse of discretion.

The issue Beadle seeks review of is the summary judgment order granting qualified immunity. Generally, an appeal from a final judgment permits "review of all earlier interlocutory orders," 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3949.4 (4th ed. 2008), because those earlier interlocutory orders merge into the judgment for appeal. See John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 105 (1st Cir. 1998) (collecting cases); see also Greer v. St. Louis Reg'l Med. Ctr., 258 F.3d 843, 846 (8th Cir. 2001) ("Ordinarily, a notice of appeal that specifies the final judgment in a case should be understood to bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment."). Our circuit precedent, however, recognizes an exception to that general rule when a case is dismissed for a failure to prosecute.

In DuBose v. Minnesota, the court held that an earlier interlocutory order does not merge into a Rule 41(b) order of dismissal; therefore, the earlier order is not reviewable on appeal. 893 F.2d 169, 171 (8th Cir. 1990). In other words, "a dismissal for failure to prosecute bars review of earlier entered interlocutory rulings whether the failure was purposeful or inadvertent." Id. While not controlling, we acknowledge that DuBose has been distinguished in an unpublished case on different facts to allow review after a dismissal for failure to prosecute. Trotter v. Lawson, 636 F.App'x 371 (8th Cir. 2016) (unpublished) (per curiam). In Trotter, a *pro se* plaintiff refused to proceed to trial without appointment of counsel, and the district court dismissed for failure to prosecute. Id. at 372. We allowed review of the denial of counsel and the dismissal because, unlike the present matter, that case did "not trigger the concern for abuse of the judicial process that animates DuBose." Id. at 373.

This case is very similar to the binding authority in DuBose. Both cases involve plaintiffs who appealed after practically abandoning their suits following adverse grants of summary judgment on less than all of their claims. See DuBose, 893 F.2d at 170–71. This case presents the harms that DuBose sought to avoid:

-4-

allowing a dismissal for failure to prosecute to create "an avenue for reaching issues which are not subject to interlocutory appeal as of right" and encouraging "would-be appellants from interlocutory orders to delay for the purpose of dismissal for lack of prosecution and review of otherwise unreviewable decisions." Id. at 171 (quoting Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984)).

Reviewing the merits of the summary judgment order in this case would not only be contrary to this court's decision in DuBose but also would permit Beadle to bypass the requirement that leave to appeal be obtained for an interlocutory order granting qualified immunity. See Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 773–74 (8th Cir. 2009) (noting the requirement for leave under Fed. R. Civ. P. 54(b) to appeal an interlocutory order); see also Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000) (explaining a grant of qualified immunity is not automatically entitled to immediate interlocutory appeal).

Beadle did not seek leave to appeal the summary judgment order granting qualified immunity. After the summary judgment order was entered, Beadle did not pursue her remaining claims either by responding to appellees' motions or to the court's show cause order. Although she filed a Notice of Appeal identifying the order of dismissal and two interlocutory orders, Beadle briefed only the interlocutory order on qualified immunity. It is too late for Beadle to avoid the consequences of her inactivity, which occurred both in the district court and here on appeal. See DuBose, 893 F.2d at 171 (declining to review otherwise unreviewable interlocutory decisions after there has been a dismissal for failure to prosecute); Meyers, 420 F.3d at 743 (deeming issues not addressed "with some specificity" in the brief to be waived).

## III.  CONCLUSION

We decline to review the interlocutory orders or consider any of Beadle's waived claims. The district court's order of dismissal is affirmed.

_____