**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1597**

THEODORE JUSTICE,

Plaintiff - Appellant,

v.

NORTH CAROLINA DEPARTMENT HEALTH AND HUMAN SERVICES SECRETARY; GRANVILLE COUNTY BOARD OF COMMISSIONERS,

Defendants - Appellees,

and

UNITED STATES DEPARTMENT OF AGRICULTURE,

Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cv-00187-FL)

Submitted: November 12, 2021                    Decided: January 5, 2022

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Theodore Justice, Appellant Pro Se. Rajeev Kumar Premakumar, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; John Michael Durnovich, POYNER SPRUILL, LLP, Charlotte, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore Justice appeals from the district court's orders dismissing his complaint. The first order (May 22, 2020) dismissed his complaint without prejudice for failure to state a claim. The order provided Justice an opportunity to amend his complaint to correct the deficiencies noted and stated that, if Justice failed to amend his complaint within 21 days, the complaint would be dismissed, and the case closed. After Justice failed to file an amended complaint, the district court entered its second order (June 18, 2020), dismissing the complaint and closing the case. Justice filed notices of appeal of both orders. Appellees have moved to dismiss the appeal from the May 22 order as interlocutory.

A district court has the authority to dismiss an action for a party's failure to comply with its orders, and we review a court's decision to dismiss for failure to comply for an abuse of discretion. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Here, the district court gave Justice detailed instructions on what to include in an amended complaint and warned that failure to comply would result in dismissal. Thus, when Justice failed to provide the information requested or respond in any way, the district court did not abuse its discretion in dismissing the case. *See id.* at 95-96 (noting that dismissal was appropriate sanction where litigant disregarded court order despite warning that failure to comply with order would result in dismissal).

On appeal, Justice asserts that he chose to stand on his complaint, as he believed it properly stated a claim. However, Justice cannot choose whether or not to comply with a court order, and even on appeal, he provides no reason as to why he was not able to comply. In fact, he simply states that he chose to file a notice of appeal rather than amending his

3

complaint. The district court requested factual background that would presumably be known by Justice, and the record does not reflect an excuse or reason for his failure to comply.[*] Accordingly, we affirm the district court's June 18 order.

With regard to the district court's May 22 order, an appeal from a final order generally brings before this court all previous rulings and orders. *See Beadle v. City of Omaha,* 983 F.3d 1073, 1075-76 (8th Cir. 2020). As Justice has timely appealed the final judgment in this case, any errors in the court's May 22 order are reviewable on appeal. Accordingly, we deny Appellees' motion to dismiss the appeal.

Justice argues generally that his complaint was adequate and that the court should not have requested additional factual support. However, even if the district court's ruling was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant. Even if Justice asserted that he had no further facts to plead and instead wished to stand on his complaint as submitted, Justice must present the issue to the district court. Because Justice attempts to present his assertions that he was unable or unwilling to file an amended complaint to this court in the first instance, the issue of whether the complaint was adequate to withstand a motion to dismiss is not properly before this court.

---

[*] Despite Justice's contentions that filing a notice of appeal rather than amending his complaint was appropriate even in the face of a specific court order requiring amendment, we have ruled that "it is the province of the district court—not of the party seeking an appeal—to indicate that an order is final and appealable." *Goode v. Cent. Va. Legal Aid Soc'y,* 807 F.3d 619, 623 (4th Cir. 2015) (noting that appealing party's decision not to amend and instead to stand on complaint only renders order appealable in unique circumstance).

4

Accordingly, we affirm the district court's orders, deny Appellees' motion to dismiss, and deny Justice's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*